13321

## SAWYER v. STATE HIGHWAY DEPARTMENT

(161 S. E., 883)

Messrs. *John M. Daniel, Attorney General,* and *Cordie Page* and *J. Ivey Humphrey, Assistants Attorney General,* for appellants,

Messrs. *Williams, Croft & Busbee,* for plaintiff-respondent.

January 11, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

These cases were heard together on Circuit. They grew out of the results of a collision between the automobile in which the several plaintiffs were riding and a tree which had fallen across the highway. Each plaintiff recovered a verdict against the named defendant. Judgment was entered up for the plaintiffs, and costs were included in a sum which amounted in the aggregate to $49.35. From the entering of

costs an appeal was taken to the Circuit Court, which appeal was based upon the position that the State Highway Department is not liable for costs in an action against it. The appeal was heard by Circuit Judge Rice, who, by his order of date June 8, 1931, sustained the ruling of the clerk. From this order the appeal comes to this Court.

The exceptions present the question: That costs are in the nature of a penalty; that the statutes which allow suits against the defendant provide for the recovery only of actual damages and do not provide for the recovery of costs; that there is no statutory provision for the recovery of costs against the highway department, which is a part of the State government, and is not liable for costs under the general statutes providing for costs.

Chapter 92 (Section 5721 *et seq.*), Vol. 3, Code 1922, provides for the taxation of costs against the losing party in civil actions at law. To the same effect are the provisions of Title 10 of the Code of Civil Procedure 1922 (§ 2901 *et seq.*). The Act No. 1055, approved March 10, 1928, gave a right of action against the highway department to any one for injury to his person or damage to his property by reason of a defect in a state highway, or by reason of the negligent repair of such highway, etc. The recovery was limited to actual damages not exceeding $1,500.00 in case of damages to property, and $4,000.00 in case of personal injuries or death. Payment of any claim or judgment received under this Act shall be made from the maintenance funds of the highway department.

Section 2948, Vol. 3, Code 1922, as amended by Act April 14, 1925 (34 St. at Large, p. 288), which has been of force tor many years in this State, provides for the recovery against a county for damages or injury to property or person received through a defect in, or negligent repair of, a highway; and Section 4478 of Vol. 3, Code 1922, provides for recovery for damages or injury to property or person through defects in the streets of municipal corporations.

Many judgments have been recovered and paid, with costs added, under the provisions of these statutes, and we have never heard that the right to tax such costs was questioned. Yet the counties and municipal corporations are integral parts of the sovereignty of the State, and can be sued only by the express consent of the State. These statutes do not give express authority for the taxation of costs upon such judgments.

Section 633, Code Civ. Proc. 1922, is in these words: "In all civil actions, prosecuted in the name of the State, by an officer duly authorized for that purpose, the State shall be liable for cost in the same cases, and to the same extent, as private parties."

We can see no sound reason why the State, which recognizes its liability for costs when it is plaintiff, should be exempt from the payment of costs when it loses in actions in which it is defendant by its own consent.

We think the Circuit Judge was right in his conclusion.

The order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice E. C. Dennis concur.

Mr. Justice Cothran did not participate on account of illness.