19444

William P. CAMPBELL, Respondent, v. HICKORY FARMS OF OHIO, Appellant

(190 S. E. (2d) 26)

564

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellant,*

*Messrs. Arrowsmith & Jackson,* of Florence, *for Respondent,*

June 28, 1972.

*Per Curiam:*

The facts and issues involved in this case are fully reflected in the decree of the trial Court, which will be reported herewith. After a careful review of the record and consideration

of appellant's brief, we are not convinced of any prejudicial error on the part of the trial court. The judgment below is accordingly,

Affirmed.

The Order of Judge McGowan follows:

Hickory Farms of Florence, Inc., was a corporation operating a retail business at the Florence Mall, in the City of Florence, South Carolina. Some time prior to August, 1968, Doc M. Campbell purchased substantially all, if not all, of the stock of this corporation and began operation of the business. The plaintiff in this action, William P. Campbell, was his brother, and on August 30th, 1968, he issued two (2) checks to the order of Hickory Farms of Florence, drawn on the Citizens and Southern National Bank, one (1) in the amount of Five Hundred Forty-six and 30/100 ($546.30) Dollars, and the other in the amount of Two Thousand Nine Hundred ($2,900.00) Dollars. These checks were paid by the bank and deposited to the account of Hickory Farms of Florence, Inc. On August 26th, 1968, the plaintiff issued his check to Hickory Farms of Florence, Inc., in the amount of Two Thousand Five Hundred ($2,-500.00) Dollars, drawn on the South Carolina National Bank, and this check was paid by the bank on the endorsement of Hickory Farms of Florence, Inc. Plaintiff's brother, Doc M. Campbell, continued to operate this business, but in the early part of 1970, it became obvious that the business was failing financially. In an apparent last effort to save the business, plaintiff, on March 5th, 1970, endorsed a note of Hickory Farms of Florence, Inc., at the Citizens and Southern National Bank, in the total principal amount of Six Thousand One Hundred Twelve and 80/100 ($6,112.80) Dollars, payable in monthly installments of One Hundred Twenty-seven and 35/100 ($127.35) Dollars.

By three (3) separate causes of action alleged in the complaint, plaintiff alleges that some time during the month of March, 1970, the defendants purchased the business of

Hickory Farms of Florence, Inc., and that as a part of the purchase, they assumed the outstanding debts and liabilities of Hickory Farms of Florence, Inc., at the time of the purchase. It is further alleged that the aforesaid sums were all debts of Hickory Farms of Florence, Inc., to plaintiff, and the complaint prays judgment against the defendants for the total amount of Eleven Thousand Five Hundred Fifty-eight and 63/100 ($11,558.63) Dollars, plus interest from the time that the same should have been paid.

The answer of the defendant, Hickory Farms of Ohio, Inc., denies the material allegations of the complaint, and alleges for its second defense a denial that it is involved in the operation of the store in Florence, South Carolina, in question, and a denial that it has in any way assumed any of the liabilities alleged in the complaint.

The answer of the defendant, Hickory Farms of Ohio, Franchise Division, admits that it is a partnership composed of Richard K. Ransom, and the Sylvania Savings Bank Company, as Trustee for Elizabeth L. Ransom, Carol S. Ransom, Robert R. Ransom, Janet K. Ransom, and Lynn A. Ransom, but denies the remaining allegations of the complaint. A second defense in the answer denies that this partnership has assumed the liabilities of Hickory Farms of Florence, Inc., in writing or otherwise, and pleads the Statute of Frauds, Section 11-101, Code of Laws of South Carolina, 1962, as a defense to this action. By a third defense, this defendant alleges that even if it did acquire the assets of Hickory Farms of Florence, Inc., subject to the debts of that corporation, it denies that the assets acquired were sufficient to satisfy such debts.

This action was originally brought in the Court of Common Pleas for the County of Florence, but by order of the Presiding Judge of the Twelfth Judicial Circuit, dated January —, 1971, was transferred to the Civil Court of Florence, to be submitted for trial to the Judge of the Civil Court of Florence.

The case has been submitted to this Court for trial without a jury upon the deposition of the plaintiff, William P. Campbell, taken on March 3rd, 1971, and the deposition of Ray McKenzie, taken on March 11th, 1971, together with the exhibits attached to such depositions, and also the oral testimony of Ray McKenzie taken before the Court on July 14th, 1971.

The confusion as to which of the two (2) named defendants were dealing with Hickory Farms of Florence, Inc., while the business was being operated by Doc M. Campbell seems to be due to the fact that Mr. Richard K. Ransom was President of Hickory Farms of Ohio, Inc., and he was also Managing Partner of Hickory Farms of Ohio, Franchise Division. Further, letterheads apparently used interchangably between these two defendants merely carried the name of "Hickory Farms of Ohio."

The greater weight of the evidence, however, establishes that the operation of the retail store in Florence, South Carolina, was operated after March, 1970, by Hickory Farms of Ohio, Franchise Division, that is, the partnership defendant.

Attached to the deposition of Ray McKenzie is a written agreement between Janie B. Hardwich and Hickory Farms of Ohio Stores, dated May 4th, 1970, and executed on behalf of Hickory Farms of Ohio Stores by one Roy Nelson, Area Representative, whereby Janie B. Hardwich was to manage the Hickory Farms of Ohio Store, located at the Florence Mall, Florence, South Carolina, under the supervision and direction of Hickory Farms of Ohio Stores, and under the supervision and direction of Roy Nelson, Area Representative, for the sum of One Hundred Dollars ($100-.00) Dollars per week, plus a share of the profit from the store. Also attached to the deposition of Ray McKenzie, is a list of the debts of Hickory Farms of Florence, Inc., at the end of the operation of this business of Doc M. Campbell. There is also attached to this deposition a merchandise inventory and capital assets of Hickory Farms Store, Florence, South Carolina, as of March 27th, 1970.

The foregoing exhibits, together with the remaining exhibits attached to the deposition of Ray McKenzie, clearly show that Hickory Farms of Ohio, Franchise Division, did intend to assume the list of the debts of the Hickory Farms Store as it had been operated by Doc M. Campbell. One of the debts listed is to the C & S Bank, in the amount of Five Thousand One Hundred ($5,100.00) Dollars, and another is one to W. P. Campbell by Hickory Farms, in the amount of Three Thousand ($3,000.00) Dollars.

The deposition of the plaintiff, William P. Campbell, is to the effect that the note for Three Thousand ($3,000.00) Dollars from Doc M. Campbell, President, Hickory Farms of Florence, was given to him after he had made the advances represented by the checks dated in August, 1968, and heretofore referred to.

The first question to be decided is whether the Statute of Frauds is available as a defense, as pled by the defendant, Hickory Farms of Ohio, Franchise Division. The section of the Statute of Frauds relied upon by this defendant reads as follows:

"No action shall be brought * * * (2) to charge the defendant upon any special promise to answer for the debt, * * * of another person; * * * unless the agreement upon which such action shall be brought or some memorandum or a note thereof shall be in writing and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized."

It is the general law, and is the law of this State, that where the promise to pay a debt incurred by another is made as a part of a transaction where the main purpose and object of the promisor is not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the Statute.

Another exception to the application of this provision of the Statute of Frauds is where the agreement to pay the debt of another is part of an original under-

taking between the parties, and it is not collateral to the origination of the debt, the Statute does not apply.

Another exception is that a promise to pay a debt ■ out of the debtor's funds or property taken over or held by the promisor is an original undertaking, and the Statute is not applicable to the promise. See the case of *Stackhouse v. Pure Oil Co.*, 176 S. C. 318, 180 S. E. 188, and the cases therein cited. Also, see 37 C. J. S. Frauds, Statute of § 18, page 525.

My conclusion is that the facts of the present case ■ bring it within these exceptions, and that the Statute of Frauds is not a bar to plaintiff's action. This leaves the final question of the amount of the debts due the plaintiff by Hickory Farms of Florence, Inc., the plaintiff has established were assumed by the defendant, Hickory Farms of Ohio, Franchise Division.

Doc M. Campbell died prior to the institution of this action, and it is clear from the deposition of the plaintiff that he kept no accurate records of the monies that he advanced from time to time to his brother.

The greater weight of the evidence is that the ■ defendant, Hickory Farms of Ohio, Franchise Division, did agree to assume and pay at least the debts of Hickory Farms of Florence, Inc., that were listed in writing at the time this defendant took over the operation of the business from Doc M. Campbell. It has been established that the amount plaintiff actually paid on the debt due on the note to the Citizens and Southern National Bank was three (3) monthly payments totaling Three Hundred Eighty-two and 08/100 ($382.08) Dollars, and the final pay-off on the note in the amount of Four Thousand Six Hundred Sixteen and 19/100 ($4,616.19) Dollars, making a final total of Four Thousand Nine Hundred Ninety-eight and 27/100 ($4,998.27) Dollars. The note listed in the amount of Three Thousand ($3,000.00) Dollars from Doc

M. Campbell, as President of Hickory Farms of Florence, Inc., was also one of the debts assumed.

Based on the foregoing conclusions, plaintiff is entitled to judgment against the defendant, Hickory Farms of Ohio, Franchise Division, in the total sum of Seven Thousand Nine Hundred Ninety-eight and 27/100 ($7,998.27) Dollars.

It is, therefore,

Ordered that the plaintiff, William P. Campbell, have judgment against the defendant, Hickory Farms of Ohio, Franchise Division, in the sum of Seven Thousand Nine Hundred Ninety-eight and 27/100 Dollars, with interest from the date of this order, and plaintiff's costs and disbursements in this action.