0354

Irene DYER, Appellant, v. Eldon MOSS, Respondent.

(325 S. E. (2d) 69)

Court of Appeals

*James C. Alexander,* Greenville, *for appellant.*

*David L. Moore, Jr.* and *John R. Devlin, Jr.,* Greenville, *for* respondent.

Heard Nov. 21, 1984.

Decided Jan. 3, 1985.

GOOLSBY, Judge:

This is an appeal by Irene Dyer from the order of the trial court granting the respondent Eldon Moss summary judgment in an action for breach of an alleged oral contract. The basic question Dyer raises on appeal is whether the record shows the existence of a genuine issue of material fact so as to make inappropriate the grant of summary judgment in Moss's favor. We think not and affirm.

Dyer brought the instant action against Moss claiming Moss agreed to pay her for the expenses she incurred and the services she rendered in caring for Moss's eighty-five year old mother while she resided with Dyer from August 1975 to March 1976. Moss's mother was also Dyer's grandmother. In her complaint, Dyer alleged Moss agreed to pay her for these expenditures and services in exchange for her agreement to withdraw an action brought by her in the Probate Court of Greenville County to be appointed committee for her grandmother. Dyer further alleged she performed her part of the agreement but Moss did not. She claims Moss owes her $15,215.04.

In his answer, Moss denied the material allegations of Dyer's complaint. He also asserted the statute of frauds claiming the action was brought to charge him upon an oral promise to answer for the debt of another in violation of Section 32-3-10(2) of the South Carolina Code of Laws (1976).

Moss later moved for summary judgment upon the ground the pleadings and Dyer's deposition demonstrated the existence of no genuine issue of material fact. Dyer submitted an affidavit in opposition to the motion. The trial court found undisputed the fact that Dyer sought to recover from Moss upon an oral promise to pay for services rendered and expenditures made by Dyer on behalf of her grandmother and it granted Moss summary judgment on the ground the contract violated the statute of frauds.

Summary judgment should be granted only when it is perfectly clear no issue of fact is involved. *Koren v. National Home Life Assurance Co.*, 277 S. C. 404, 288

S. E. (2d) 392 (1982); *Vaughan v. A. E. Green, Co., Inc.,* 277 S. C. 392, 287 S. E. (2d) 493 (1982). On motion for summary judgment, the inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.,* 369 U. S. 654, 82 S. Ct. 993, 8 L. Ed. (2d) 176 (1962); *Gardner v. Campbell,* 257 S. C. 209, 184 S. E. (2d) 700 (1971). The papers supporting the movant are to be closely scrutinized, whereas those of the opponent are to be indulgently treated. *Spencer v. Miller,* 259 S. C. 453, 192 S. E. (2d) 863 (1972). When a plaintiff is faced with a defendant's motion for summary judgment that is supported by evidence, the plaintiff must show the court the existence of a genuine issue of fact. *Taylor v. Alston,* 79 N. M. 643, 447 P. (2d) 523, 29 A. L. R. (3d) 653 (1968). In such a case, the plaintiff cannot defeat the defendant's motion by relying upon the mere allegations of his complaint but must disclose the facts he intends to rely on by affidavit or other proof. Cir. Ct. R. 44; 73 Am. Jur. (2d) *Summary Judgment* Section 23 at 745 (1974); *see Epprecht v. Delaware Valley Machinery, Inc.,* 407 F. Supp. 315 (E. D. Pa. 1976).

Dyer argues that the statute of frauds does not bar enforcement of Moss's oral promise because the promise was not made to answer for his mother's debt but was made either to advance some purpose of his own or as part of an original undertaking between the parties. *See Campbell v. Hickory Farms of Ohio,* 258 S. C. 563, 190 S. E. (2d) 26 (1972); *Price v. Bethea,* 167 S. C. 376, 380, 166 S. E. 409 (1932). She contends Moss entered into the agreement with her to halt her effort in the Probate Court to be appointed his mother's committee.

Here, however, there is a total absence of any evidence that the main purpose of the alleged promise by Moss was to end litigation or that the promise allegedly made by Moss was part of an original undertaking made in exchange for the abandonment by Dyer of her action to be appointed committee for Moss's mother. Neither in her disposition nor in her affidavit is there any evidence Dyer agreed to dismiss her action to be named committee in consideration for Moss's agreeing to pay her for the expenses she incurred and for the services she rendered in caring for

Moss's mother. Without such evidence, there is no proof that the alleged oral agreement was outside the statute of frauds.

Accordingly, the judgment appealed from is

Affirmed.

SHAW and CURTON, JJ., concur.