## 1433

Paul W. LINGOS, Respondent v. CHARLESTON DOUGHNUT CORPORATION and Krispy Kreme Doughnut Corporation, Appellants.

(387 S. E. (2d) 695)

Court of Appeals

Dennis J. Christensen, of Wise & Cole, Charleston, for appellants.

*John D. Crumrine,* of *Lempesis Law Firm,* Charleston, *for respondent.*

Heard Nov. 13, 1989.

Decided Dec. 11, 1989.

BELL, Judge:

Paul W. Lingos sued Charleston Doughnut Corporation and Krispy Kreme Doughnut Corporation for damages resulting from personal injuries when he fell in a doughnut shop which they operate.[1] The jury returned a verdict of $30,000 for Lingos. Krispy Kreme appeals from the denial of its motion for a new trial. We reverse and remand for a new trial.

On appeal from a jury verdict, we must view the evidence in the light most favorable to the respondent. *Graham v. Whitaker,* 282 S. C. 393, 321 S. E. (2d) 40 (1984). Viewed in that light, the evidence establishes the following material facts.

On the morning of February 19, 1986, Lingos, a 72 year old man, entered Krispy Kreme's doughnut shop to take his morning coffee. Lingos was a regular customer at the shop.

The shop contained an L-shaped main counter and other fixtures in the main serving area and a straight wall counter along the far wall from the door. Each counter had a row of round counter stools, closely and evenly spaced, for the seating of customers. Customers at the wall counter could sit facing the wall or facing a part of the main counter directly opposite the wall counter. The shop's employees served customers from behind the main counter.

On the day in question, one of the stools along the wall counter was missing its round seat top, exposing the bare metal support cylinder affixed to the floor. The broken stool stood in the middle of a row of normal counter stools. The stool had been broken for several weeks. Krispy Kreme knew the stool was broken but did not repair it.

---

[1] For convenience, we shall refer to the two defendants collectively as "Krispy Kreme."

When Lingos entered the shop, it was crowded. From the door area, he saw a space between two customers at the wall counter. Because of the crowd, he could not see the counter stools from that position. He made his way through the crowd to the aisle between the main counter and the wall counter. He placed his order at the main counter and continued to stand facing it until he was served. He picked up his order and, while talking with someone in front of him, stepped backward towards the space. The heel of his foot felt the base of the broken stool and he started to sit down. At that moment, he fell backwards to the floor, injuring himself. By his own admission, he never looked to see what was behind him.

Lingos tried the case on the theory that, in the crowded condition of the shop on February 19th, the broken counter stool constituted a latent defect in the premises. At the request of Lingos, the judge charged the jury:

> [W]here a dangerous condition in premises is . . . latent, or hidden, and the owner knew or should have known . . . [of it] and it is unknown to a[n] . . . invitee coming onto the premises, the owner is required to give proper warning in order to relieve himself from liability for injuries caused by the hidden or latent, unsafe or dangerous condition.

Krispy Kreme objected to this charge on the ground that it assumes the defect was latent whereas the evidence clearly established that it was not latent, but open and apparent.

A latent defect is one which could not have been discovered by a reasonably careful inspection. *Land v. Franklin National Insurance Company*, 225 S. C. 33, 80 S. E. (2d) 420 (1954). We have combed the record in this case. There is no evidence that the broken stool could not have been discovered by a reasonably careful inspection.

Indeed, the testimony points entirely the other way. Lingos presented two witnesses who were in the doughnut shop at the time of the accident—Carlisle and Wetmore. Carlisle testified he knew the seat was missing, "because I was looking at it." Later in his testimony he again said he "seen" there was no top on the stool. Wetmore also testified he "noticed" the seat was missing. This testimony shows the

defect was discoverable upon a simple inspection. No one, including Lingos himself, ever stated he could not have discovered the missing seat.

Carlisle did state:

> I don't think a man with his head turned facing the person that just served him with a cup in his hand could see that. He could see the space back there; but I don't think he could see the stool right at that moment. Maybe I'm wrong, but I don't think I could. He stepped back.

This amounts to no more than saying a person facing the main counter with his back to the wall counter, could not see the defective stool "right at that moment." It does not support a reasonable inference that the defect could not be discovered upon inspection.

In *Hendricks v. American Fire & Casualty Company*, 247 S. C. 479, 148 S. E. (2d) 162 (1966), our Supreme Court said:

> We have held that instructions to the jury should be confined to the issues raised by the pleadings and the facts developed by the evidence in support of those issues. In other words, the particular matters to be covered in the instructions depend upon the issues, joined by the pleadings and supported by evidence. No instruction should be given by the court, either on its own motion, or at the request of counsel which tenders an issue that is not presented by the pleadings or supported by the evidence, or which deviates therefrom in any material respect [Citations omitted.]

Where there is no evidence to support an instruction given by the court, the judgment should be reversed. *See Williams v. Pendleton Manufacturing Company*, 244 S. C. 228, 136 S. E. (2d) 291 (1964).

Applying this law to the case before us, we hold that the trial court erred in giving an instruction regarding latent defects, because it tendered an issue to the jury that was not supported by the evidence. We reverse and remand for a new trial.

Reversed and remanded.

SHAW and CURETON, JJ., concur.