1559

The ESTATE OF Dennis H. CANTRELL, by his Personal Representative, Mary S. CANTRELL, Appellant v. Grady W. GREEN, Respondent.

(397 S.E. (2d) 777)

Court of Appeals

*Stephen E. Hunter,* of *Varner & Hunter,* Greenville, *for appellant.*

*Bradford N. Martin,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard Sept. 19, 1990.

Decided Oct. 22, 1990.

BELL, Judge:

This is a negligence action. Mary S. Cantrell, as administratrix of the estate of Dennis H. Cantrell, sued Grady W. Green under the survival and wrongful death statutes.[1] She alleged Cantrell was killed in a tractor accident due to the failure of Green to warn him of a dangerous condition on Green's land. The circuit court granted Green's motion for summary judgment. Cantrell appeals. We affirm.

On appeal from summary judgment, the reviewing court must consider the facts and inferences in the light most favorable to the nonmoving party. *Stratos v. King*, 282 S.C. 501, 319 S.E. (2d) 356 (Ct. App. 1984). The judgment may be affirmed only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. S.C.R. Civ. P. 56.

Cantrell was an experienced grader, plower, and bushhogger. Some two years before the incident in question, he lost the sight of one eye in a bushhogging accident.

In September, 1987, Green hired Cantrell to mow a 104-acre field covered with high grass. While he was mowing, Cantrell's tractor overturned, crushing him to death. For almost twenty years, Cantrell had bushhogged fields belonging to Green, including the 104-acre field where he died. However, he had done no work for Green for at least two years before the fatal accident.

Cantrell began mowing the field along a fence line on a pleateau at the crest of a hill. The grass on the plateau was about four feet high. At the point where Cantrell started, the plateau was wide enough for his tractor. However, a few yards past a tree on the fence line, the plateau narrowed. Cantrell could not see the narrow because it was hidden by the tall grass. When he reached the narrow, the tractor rolled over onto the slope of the hill.[2] At oral argu-

---

[1] Sections 15-5-90 and 15-51-10, Code of Laws of South Carolina, 1976.

[2] In stating the facts, we have viewed them and the inferences reasonably to be drawn from them in the light most favorable to Cantrell. As the circuit judge noted, Cantrell's version of the facts at summary judgment varied from the facts alleged in his complaint. His complaint stated:

ment, counsel for Cantrell contended the narrow was a latent condition. A latent defect is one which could not have been discovered by a reasonably careful inspection. *Lingos v. Charleston Doughnut Corp.*, 300 S.C. 317, 387 S.E. (2d) 695 (Ct. App. 1989).

In order to prevail on a theory of negligence, the plaintiff must establish three elements: (1) that the defendant owed him a duty of care; (2) that by some act or omission the defendant breached that duty; and (3) that as a proximate result of the breach, the plaintiff suffered damage. *Russell v. City of Columbia*, 301 S.C. 117, 390 S.E. (2d) 463 (Ct. App. 1989). Unless the plaintiff establishes all three elements, his case fails. *Id.*

The defendant's breach of the duty of care is a question of fact. *See McVey v. Whittington*, 248 S.C. 447, 151 S.E. (2d) 92 (1966). In order to resist a defendant's motion for summary judgment, the plaintiff, as the party with the burden of proof at trial, must present affirmative evidence which, at the very least, places the fact of breach in dispute. *See Hammond v. Scott*, 268 S.C. 137, 232 S.E. (2d) 336 (1977); *Dyer v. Moss* 284 S.C. 208, 325 S.E. (2d) 69 (Ct. App. 1985). He cannot rest on the allegations of his complaint. *Dyer*, 284 S.C. 208, 325 S.E. (2d) 69.

In this case, Green undeniably owed Cantrell a duty to warn of any unsafe condition of which he, as the landowner, knew or ought to have known, and of which Cantrell reasonably was not aware. *See Wilson v. Duke Power Co.* 273 S.C. 610, 258 S.E. (2d) 101 (1979) (dictum). To

---

. . . [I]mmediately preceding the . . . accident, the decedent had been cutting grass on the edge of the field in the vicinity of a steep downward incline. . . . [W]hen the tractor reached the incline, its steep slope caused the tractor to turn over. **** [Green] knew or should have known of the existence of the incline . . .

The complaint contained no allegations about the plateau or the narrow. Because Cantrell necessarily ascended the slope to reach the plateau, he actually knew about the slope. As an experienced bushhogger, he also ought to have known the dangers of mowing on a slope. These factors suggest why Cantrell abandoned the theory of his pleadings at summary judgment. Since summary judgment is granted on the evidence, not merely on the pleadings, we base our analysis on the facts adduced at summary judgment. As a matter of correct practice, Cantrell should have moved to amend his pleadings to conform to his new version of the facts and his new theory of the case.

prove a breach of that duty, however, Cantrell needed to present evidence that Green actually knew about the narrow or could have discovered it by taking some reasonable action which he failed to take.

Green denied actual knowledge of a dangerous condition in the field. Cantrell neither pleaded nor produced any evidence that Green actually knew of the narrow. Thus, there is no genuine issue of fact concerning Green's actual knowledge of a danger.[3]

Cantrell also failed to introduce evidence of any acts Green should have performed to discover the narrow.

What constitutes reasonable care depends on the facts of each case. *Perry v. Carolina Theater*, 180 S.C. 130, 185 S.E. 184, 186 (1936). As this Court recognized in *Israel v. Carolina Bar-B-Que, Inc.*, 292 S.C. 282, 356 S.E. (2d) 123 (Ct. App.), *cert. denied*, 293 S.C. 406, 360 S.E. (2d) 824 (1987), an owner of a large tract of rural land is not under the same duty of inspection as one who owns or occupies urban property. Although *Israel* was a "falling limb" case in which liability was imposed on an urban landowner, the following language is directly on point:

> "The rule of non-liability for natural conditions . . . remains to a considerable extent a necessity in rural communities, where the burden of inspecting and improving the land is likely to be entirely disproportionate not only to any threatened harm but even to the value of the land itself."

*Id.* (quoting W. Prosser & P. Keeton, *Prosser and Keeton on The Law of Torts* 391 (5th ed. 1984)).

Cantrell concedes Green was not required to inspect a 104-acre field yard by yard to meet the standard of care imposed on him. He neither argued nor showed by evidence any other method by which Green could have reasonably discovered the latent condition that caused the accident. Since he himself contends the tall grass hid the narrow so he could not discover it at a distance of a few yards, the only reasonable in-

---

[3] Cantrell argues that Green had actual knowledge of the narrow, because the grass would not hide it in winter. Since he produced no evidence to this effect, the argument rests on mere speculation.

ference is neither could Green. In other words, Cantrell failed to raise a genuine issue of fact as to Green's breach of his duty to warn. The defendant cannot be in breach of a duty to warn of a condition which he does not know about and cannot reasonably discover. *Cf. Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.E. (2d) (1969).

As Cantrell created no genuine issue of material fact on a critical element of his negligence claim, Green was entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

SHAW and CURETON, JJ., concur.