1695

D & D LEASING COMPANY OF SOUTH CAROLINA, INC., Appellant
v. DAVID LIPSON, PH.D., P.A., and David Lipson, Individually,
Respondents.

(409 S.E. (2d) 794)

Court of Appeals

*Grady L. Patterson, III*, Columbia, *for appellant.*

*Elizabeth C. Fullwood*, Lexington, *for respondents.*

Heard Aug. 27, 1991.

Decided Sept. 23, 1991.

CURETON, Judge:

This is a breach of contract action involving a vehicle lease. The lessor, D & D Leasing Company of South Carolina, Inc., recovered a judgment against David Lipson, P.A., and David Lipson individually in the amount of $481.95 plus attorney fees of $300. D & D Leasing appeals the judgment contending the trial judge erred in his interpretation of the lease. We reverse and remand.

D & D Leasing leased a Mercedes automobile to David Lipson, P.A., in February of 1984. The lease was a closed end lease with no express option to purchase by the lessee. The contract called for forty-eight monthly payments of $459 each plus sales tax. The automobile was estimated to have a residual value of $12,000 at the end of the lease term. Lipson made nineteen payments with the last payment being made in September of 1985. Lipson testified he obtained a job in California and returned the car to D & D Leasing in October pursuant to his understanding that he could "walk away" from the lease without further liability by returning the car after eighteen to twenty months. After receiving three bids on the car, D & D Leasing sold the car to Dick Dyer and Associates for $14,600. D & D Leasing then sued Lipson for damages under the lease.

The lease clause in question is Paragraph 22 entitled "DEFAULT." D & D Leasing utilized this paragraph to compute its damages. Under the paragraph, default occurred when there was a failure to make a payment when due. The lessor then had the right to "sue [the lessee] for damages and to terminate the lease and take the vehicle without demand." The paragraph further provided:

Lessor will total the unpaid Monthly Lease Payments. The Lessor or its assignee will then sell the vehicle at wholesale in a commercially reasonable manner. The net amount received from this sale in excess of the amount the vehicle was expected to be worth at normal lease termination and any security deposit will be subtracted from the unpaid total Monthly Lease Payments. If there is a balance still due, you will pay this amount and any other amounts owed under this lease at once. Any surplus will be kept by Lessor as liquidated damages.

At trial, D & D Leasing presented evidence that it claimed damages in the amount of $10,218.24. This sum was computed based upon twenty-nine unpaid monthly payments remaining on the lease in the total amount of $13,311. From that amount D & D Leasing subtracted (1) the excess of the sales proceeds over the residual value ($2615.40) and (2) a security deposit given by Lipson of $477.36.

In his written order, the trial judge found in favor of D & D Leasing on liability but only awarded actual damages in the amount of $481.95. The court held "it would be inappropriate for the plaintiff to be allowed to have possession of a vehicle and to hold the defendants responsible for future payments. There is no acceleration of payments clause, as such, in the lease." Although not specifically articulated in the order, it appears the trial judge awarded damages for one month's rent, the October payment, which Lipson did not make when he returned the car.

D & D Leasing appeals the trial court order contending that while the court was correct in finding liability, it improperly interpreted or applied Paragraph 22. We agree. We first note that if the trial judge's order is premised on a theory of lack of enforceability due to the alleged penalty nature of the termination clause, that theory was not available to him. Unenforceability based on a penalty theory is an affirmative defense that must have been pled. Because Lipson did not plead unenforceability based on the alleged penalty nature of the termination provision, he waived that defense. Rule 8(c), SCRCP; *O'Neal v. Carolina Farm Supply of Johnston*, 279 S.C. 490, 309 S.E. (2d) 776 (Ct. App. 1983) (affirmative defense conditionally admits the allegations of the complaint but asserts new matter to bar the action).

Even if we were to consider the enforceability issue on appeal, we would nevertheless hold the provision in the instant lease meets the requirements of a valid enforceable liquidated damages clause. The provision provides that the car will be sold and the lessee given credit for the proceeds of sale. Thus, the suggestion by the trial court that D & D Leasing sought future rents and possession of the vehicle with the potential to release it for a windfall profit is not present here. In the case of *Frank Nero Auto Lease, Inc. v. Townsend,* 64 Ohio App. (2d) 65, 411 N. E. (2d) 507 (1979), the Court of Appeals of Ohio set forth a review of the law governing acceleration of lease payments upon default. The court noted the existence of a valid damage clause in a lease controls the remedies available to a lessor in chattel lease cases in most jurisdictions. It stated:

> [T]he weight of authority recognizes the right of the parties to contractually provide for repossession and the acceleration of future rents where the stated damages bear a reasonable relationship to actual damages or where the lessor has no obligation to mitigate damages by reselling or reletting the leased chattel.

*Id.* at 70, 411 N.E. (2d) at 512.

The trial court also erred when it held there was no acceleration of payments clause. By its terms, the lease provides that the lessor will total the "unpaid monthly lease payments." This was a forty-eight month lease. After Lipson made nineteen payments there were twenty-nine remaining under the contract. While the lease does not use the common terminology of "amounts then due or thereafter accruing" the result is same given the overall nature of this transaction. Lipson and D & D Leasing entered into a transaction in which Lipson would receive the use of a Mercedes for forty-eight months and he would pay $22,032.00 payable in forty-eight monthly installments for that use. At the end of that period he would return the car and D & D Leasing would have a car with an estimated residual value of $12,000. Denying D & D Leasing its rental payments effectively denies it a portion of its bargain to the extent the proceeds from the sale of the returned vehicle do not cover that loss. D & D Leasing is entitled to recover from Lipson. There is no windfall to D & D Leasing.

The case is reversed and remanded to the trial court. At trial the parties agreed to the mathematical calculation of $10,218.24 in damages should D & D Leasing's interpretation of Paragraph 22 of the lease be found to be correct. Therefore, the trial court on remand should enter judgment in favor of D & D Leasing in that amount. We also reverse and remand the issue of attorney fees. The circuit court awarded $300 for attorney fees. Given our disposition of the primary issue, we reverse this award and remand to the trial court for a determination of a reasonable attorney fee as provided under the lease agreement.

Reversed and remanded.

SANDERS, C.J., and GARDNER, J., concur.