1981

Jasper B. VARN, Jr., Respondent v. SOUTH CAROLINA DEPARTMENT
OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(428 S.E. (2d) 895)

Court of Appeals

*James B. Jackson, Jr.,* of *Yarborough, Hutto & Jackson,* Orangeburg, *for appellant.*

*John E. Parker,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, *for respondent.*

Heard Feb. 18, 1993.

Decided March 22, 1993.

*Per Curiam:*

Respondent Jasper B. Varn, Jr. (Varn) commenced this action for personal injuries against Appellant the South Carolina Department of Highways and Public Transportation (Department) alleging negligence by the Department while removing a tree from a roadway. The circuit court referred

the case with finality to a special referee. The special referee awarded damages to Varn. The Department appeals. We affirm.

On September 21, 1989, Hurricane Hugo struck South Carolina. The following day, Varn went out in his truck to survey his land for damages and to check on his neighbors. He came upon a tree which was down across a roadway. He then came upon a crew from the Department removing a fallen tree from the roadway.

The crew was removing the tree by cutting it into pieces with a chain saw. In order to prevent the chain saw from binding, a crew member was putting pressure on the tree with the bucket of a backhoe. The crew members at this site recognized that this procedure could result in the tree swinging around once the chain saw cut through.

Varn proceeded to tell the crew about the other tree across the roadway. He approached the backhoe and spoke briefly to the operator but he then was met by a supervisor. The supervisor and Varn stood talking some twenty-five to thirty feet from the backhoe and Varn told him about the other felled tree. As they talked, the chain saw cut through the tree which whipped around due to the force of the backhoe. The limbs moved thirty to forty feet, knocking down Varn, breaking his leg.

## ISSUES

The issues submitted to the Court as taken from the Department's brief are as follows:

> I. Did the trial judge apply the appropriate duty of care that the appellant owed the Respondent under the facts of this case?
>
> II. Did the trial judge err in finding that the appellant breached its duty of care to the Respondent since its employees gave the Respondent the same degree of care he gave himself?
>
> III. Did the trial judge err in failing to find the Respondent guilty of contributory negligence and/or assumption of the risk in that he had no right or obligation to interfere with the Appellant's work crew and he did know and appreciate the danger of this emergency situation?

IV. Did the trial judge err in awarding an excessive verdict to the Respondent who suffered a broken leg and whose only permanent injury is occasional swelling of the leg?

V. Did the trial judge err in assessing costs against the Appellant in violation of Rule 54(d) of The South Carolina Rules of Civil Procedure?

VI. Did the trial judge err when he failed to find the Appellant immune from liability pursuant to 15-78-60(5) and (8), *S.C. Code Ann.* (1986) in that the manner the Appellant's crew cut the tree was a discretionary act and that the tree was placed in the roadway by the weather conditions caused by Hurricane Hugo?

## I.

The Department argues that the special referee applied the wrong standard of care. It argues that Varn was a licensee owed something less that due care, not an invitee who was owed a reasonable duty of care, as found by the special referee.

In this instance, we do not see any positive effect to the Department by finding a distinction between Varn's status as a licensee or invitee. Even as a licensee, the Department owed Varn the duty of reasonable care to warn him of any concealed dangerous conditions or activities which were known to it. *See Neil v. Byrum,* 288 S.C. 472, 343 S.C. (2d) 615 (1986) (possessor owes licensee the duty to use reasonable care to warn him of any concealed dangerous conditions or activities which are known to the possessor). The special referee specifically found that the operation of the backhoe in the tree was concealed from Varn, who had no knowledge of the manner in which the tree was being cut or warning of the danger. The special referee found a concealed dangerous condition of which the Department should have warned Varn under its duty of due care. Therefore, we cannot say the wrong standard of care was applied.

## II. and III.

The Department's second and third exceptions contend the special referee erred in finding a breach of due care and a lack of contributory negligence or assumption of

the risk by Varn. These matters are ordinarily questions of fact. *See Kennedy v. Custom Ice Equip. Co., Inc.*, 271 S.C. 171, 246 S.E (2d) 176 (1978) (contributory negligence is a question of fact); *Baxley v. Rosenblum*, 303 S.C. 340, 400 S.E. (2d) 502 (Ct. App. 1991) (assumption of the risk is a question of fact); *Estate of Cantrell by Cantrell v. Green*, 302 S.C. 557, 397 S.E. (2d) 777 (Ct. App. 1990) (breach of duty of due care is a question of fact). As this is an action at law, the findings by the special referee must be accepted unless the evidence is reasonably susceptible of only the opposite conclusion. *See Evatt v. Campbell*, 234 S.C. 1, 106 S.E. (2d) 447 (1959).

The evidence shows that at no time did the supervisor warn Varn of the danger from the tree-cutting operations. Moreover, the crew continued these operations and failed to clear the area before cutting through the tree, although they knew or should have known of Varn's presence. Varn himself could not see the manner in which they were cutting the tree, had no independent knowledge of the operations and did not know he was in the potential path of the tree. This evidence is susceptible of the finding that the Department had breached its duty to warn Varn of the danger.

Varn cannot be said, as a matter of law, to have contributed to his injury or assumed the risk when he knew nothing about the tree-cutting operations and the danger was not so obvious that he should have known of his peril. Consequently, we find the conclusions reached by the special referee must be upheld.

### IV.

The Department next argues that the verdict of $67,986.23 is excessive. Unless the award is so grossly excessive as to indicate it is the result of passion or prejudice, it is deemed to be within the discretion of the trier of facts. *King v. Daniel Int'l Corp.*, 278 S.C. 350, 296 S.E. (2d) 335 (1982). We find no error.

### V.

The Department asserts the award of costs against it is error because the South Carolina Tort claims Act (Act) does not specifically provide for an award of costs.

Generally, costs may be assessed against a state agency to

the extent permitted by law. S.C. R. CIV. P. 54(d). Initially, it would appeal that costs are not allowed in this instance as the Act does not address this subject. However, the Act does state that state agencies are "liable for their torts in the same manner and to the same extent as a private individual under like circumstances," subject to certain limitations. S.C. CODE ANN. § 15-78-40 (Supp. 1992).

Moreover, prior to the enactment of the Act, an assessment of costs was allowed against the Department although the statute then allowing recovery against th e Department was silent as to the assessment of costs. *Sawyer v. State Highway Dep't*, 164 S.C. 53, 161 S.E. 883 (1932). Furthermore, our Supreme Court has stated that costs may be assessed against the State as with any other Defendant. *Dunn v. Dunn*, 298 S.C. 365, 380 S.E. (2d) 836 (1989). These cases combined with the provisions of section 15-78-40 convince us that costs were allowable against the Department in this instance.

## VI.

The Department's final exception is that it should have been declared immune from liability because this injury was the result of a discretionary act or an act of God. *See* S.C. CODE ANN. § 15-78-60(5) and (8) (Supp. 1992). However, discretionary immunity is an affirmative defense which must be pled and proven by the Department. *Niver v. S.C. Dep't of Highways and Pub. Transp.*, 302 S.C. 461, 395 S.E. (2d) 728 (Ct. App. 1990). Similarly, because it is an exception to the waiver of governmental immunity, immunity from liability for a loss resulting from an act of God is also an affirmative defense. 57 AM. Jur. (2D) *Municipal, County, School, and State Tort Liability* § 676 (1988). The Department did not plead these defenses in its amended answer. Consequently, they are waived. See S.C. R. CIV. P. 8(c); *D & D Leasing Co. of S.C., Inc. v. David Lipson, Ph.D., P.A.*, 305 S.C. 540, 409 S.E. (2d) 794 (Ct. App. 1991) (affirmative defense if not pled is waived).

For the foregoing reasons, the decision of the special referee is

Affirmed.