2091

Cheryl O. NEWTON, Appellant v. SOUTH CAROLINA
PUBLIC RAILWAYS COMMISSION, Respondent.

(439 S.E. (2d) 285)

Court of Appeals

*James H. Moss,* of *Moss & Kuhn,* Beaufort, *for appellant.*

*K. Lindsay Terrell,* of *Howell, Gibson & Hughes,* Beaufort, and *Charles E. Carpenter, Jr.,* and *Deborah L. Harrison,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

Heard September 8, 1993.

Decided Dec. 6, 1993.

Reh. Den. Jan. 25, 1994.

CONNOR, Judge:

As noted by the trial judge, this case of the "railroad signal that cried wolf" presents issues that seem to have been devised by a professor for a law school examination. The action is one in negligence. Cheryl O. Newton (Newton) sued the South Carolina Public Railways Commission (Railroad) for injuries she sustained at a Port Royal railroad crossing when she was rear-ended by another vehicle.[1] Newton alleges she stopped at a railroad crossing where lights were flashing and bells were ringing. Moreover, she claims the Railroad was aware this situation had existed for several days, but she was not. Many local residents, including the one who ran into Newton, were aware of the false warnings and therefore simply ignored them.

The Railroad moved to dismiss Newton's complaint pursuant to Rule 12(b)(6), SCRCP. The trial court dismissed for failure to state a cause of action, holding the Railroad's negligence in failing to maintain the crossing signal properly was not the legal cause of Newton's injuries. Newton appeals. We reverse.

To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty. *Estate of Cantrell by Cantrell v. Green,* 302 S.C. 557, 397 S.E. (2d) 777

---

[1] The driver of the other vehicle is not involved in this lawsuit.

(Ct. App. 1990). If the plaintiff fails to prove any one of these elements, the action will fail. *Id.* To prove proximate cause in a negligence action, the plaintiff must show both (1) causation in fact and (2) legal cause. *Bramlette v. Charter-Medical-Columbia,* 302 S.C. 68, 393 S.E. (2d) 914 (1990). The Court in *Bramlette* set forth the standards for these two elements:

> Causation in fact is proved by establishing the injury would not have occurred "but for" the defendant's negligence. Legal cause is proved by establishing foreseeability. Although foreseeabilty of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the actor should have contemplated the particular event which occurred. The defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence.

*Id.* at 72, 393 S.E. (2d) at 916 (citations omitted).

When we speak of proximate cause, we are not referring to the "sole cause." In order to establish actionable negligence, the plaintiff is required only to prove that the negligence on the part of the defendant was at least one of the proximate causes of his injury. *Hughes v. Children's Clinic, P.A.,* 269 S.C. 389, 237 S.E. (2d) 753 (1977). It is generally for the jury to say whether the defendant's negligence was a concurring, proximate cause of the plaintiff's injuries. *Id.*[2]

A Rule 12(b)(6) motion to dismiss cannot be sustained if the facts alleged in the complaint, and any reasonable inferences drawn therefrom, entitle the plaintiff to relief on any theory of the case. *Brown v. Leverette,* 291 S.C. 364, 353 S.E. (2d) 697 (1987).

Neither party challenges the trial court's finding that the Railroad's negligence was a cause in fact of Newton's injuries. Our sole determination, therefore, is whether the trial court correctly held that the Railroad's neg-

---

[2] Plaintiff here does not claim that the intervenor was not liable; she alleges that both parties are at fault.

ligence was not the *legal* cause of Newton's injuries as a matter of law.

Only in rare or exceptional cases may the issue of proximate cause be decided as a matter of law. The particular facts and circumstances of each case determine whether the question of proximate cause should be decided by the court or by the jury. If there may be a fair difference of opinion about whether particular acts of negligence are intervening or combining and concurring, the proximate cause issue must be submitted to the jury. *Ballou v. Sigma Nu General Fraternity,* 291 S.C. 140, 352 S.E. (2d) 488 (Ct. App. 1986).

The trial court here held it was unforeseeable that a car would be struck from the rear if it stopped for a malfunctioning crossing signal and, therefore, held such an accident was not a natural and probable consequence of the Railroad's negligence as a matter of law. The trial judge stated:

> Being struck in the rear is not "a natural and probable consequence of the defendant's negligence." It is a possible consequence because we know cars are rear-ended *upon occasion* when they stop, but it is not "probable."

We hold that the facts alleged by Newton are capable of giving rise to a fair difference of opinion on the issue of foreseeability. The pertinent question is not (as the circuit court's reasoning suggests) whether the Railroad foresaw the precise chain of events that took place, but whether it was foreseeable that failure to repair the malfunctioning signal might lead to an accident at the crossing. *Bramlette v. Charter-Medical-Columbia,* 302 S.C. 68, 393 S.E. (2d) 914 (1990). On the facts pleaded, more than one reasonable inference could be drawn; thus, the question of proximate causation was a question for the jury, not the court. *Jensen v. South Carolina Dept. of Social Services,* 297 S.C. 323, 3777 S.E. (2d) 102 (Ct. App. 1988), affirmed, 304 S.C. 195, 403 S.E. (2d) 615 (1991). The circuit court committed reversible error by deciding the issue as a matter of law. Accordingly, we reverse and remand. Of course, Newton will have the burden of proof on the issue of proximate causation at trial.

Reversed and remanded.

SHAW and BELL, JJ., concur.