24312

Cheryl O. NEWTON, Respondent v. SOUTH CAROLINA PUBLIC
RAILWAYS COMMISSION, Petitioner.

(462 S.E. (2d) 266)

Supreme Court

*K. Lindsay Terrell,* of *Howell, Gibson & Hughes, P.A.,* Beaufort; *Charles E. Carpenter, Jr.,* and *Deborah Harrison Sheffield,* both of *Richardson, Plowden, Grier & Howser, P.A.,* Columbia, *for petitioner.*

*James H. Moss,* of *Moss & Kuhn, P.A.,* Beaufort, *for respondent.*

Heard Feb. 7, 1995.

Decided Sept. 18, 1995.

FINNEY, Chief Justice:

This is a negligence case. The trial judge granted petitioner's (Commission's) Rule 12(b)(6), SCRCP, motion, finding respondent's complaint failed to allege legal cause. Respondent appealed, and the Court of Appeals reversed. *Newton v. South Carolina Public Railways Comm'n,* 312 S.C. 107, 439 S.E. (2d) 285 (Ct. App. 1993). We granted certiorari, and reverse.

The Commission was responsible for the maintenance of a train crossing signal. The signal was out of order for several days, constantly signalling an imminent train. Respondent came upon the malfunctioning signal and stopped her automobile. While she was stopped, a car driven by Ross rear-ended respondent's automobile, seriously injuring respondent. Ross was aware the signal was out of order, but respondent was

not. Respondent brought this negligence action against the Commission.

The circuit court held the complaint failed to allege legal cause, that is, foreseeability, and dismissed. In *Bramlette v. Charter-Medical-Columbia*, 302 S.C. 68, 393 S.E. (2d) 914 (1990), we held

> Although foreseeability of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the actor should have contemplated the particular event which occurred. The defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. A plaintiff therefore proves legal cause by establishing the injury in question occurred as a natural and probable consequence of the defendant's negligence.

Here, the accident occurred because of Ross's failure to keep a proper lookout. Ross's superseding negligence is not a natural and probable consequence of the Commission's negligence in failing to repair the malfunctioning crossing signal. Although we agree with the dissent's view of the factual inferences which may be drawn from respondent's complaint, we find these facts, even if proven, would not create legal cause.

The Court of Appeals misread *Bramlette* as holding that so long as *any* accident is foreseeable, whether the defendant is liable for the one which occurred is always a question of fact. The court overlooked the requirement that before there can be legal cause, the accident which occurred must be the natural and probable consequence of the defendant's negligence. Here, it was foreseeable that an individual who, like Ross, knew of the malfunction, would ignore the signal, fail to stop, and be hit by a train while crossing the track. This type of accident is a natural and probable consequence of the Commission's negligence. On the other hand, the negligence of Ross in failing to watch the roadway before the crossing is not chargeable against the Commission. *Cf., Dunnivant v. Nafe*, 206 Tenn. 458, 334 S.W. (2d) 717 (1960) (defendants who negligently blocked highway not liable to plaintiffs who stopped their car after observing obstruction, but were injured when their car brakes failed and car rolled backward off a bridge).

For the foregoing reasons, the circuit court properly dismissed this complaint. The opinion of the Court of Appeals reversing that decision is, itself,

Reversed.

TOAL and MOORE, JJ., concur.

WALLER, J., and A. LEE CHANDLER, Acting Associate Justice, dissent in separate opinion.

A. LEE CHANDLER, Acting Associate Justice: I respectfully dissent.

The grant of a motion to dismiss for failure to state facts sufficient to constitute a cause of action cannot be upheld if facts alleged in the complaint *and inferences reasonably deducible therefrom,* if proven, would entitle the plaintiff to relief on any theory of the case. *Brown v. Leverette,* 291 S.C. 364, 353 S.E. (2d) 697 (1987).

Here, Newton's complaint alleged that the Commission's crossing signal had been malfunctioning continuously for several days, and that the Commission knew or should have known of the malfunction. The complaint also alleged that Ross knew the crossing signal had been malfunctioning for some time.

In my opinion, an inference reasonably deducible from these allegations is that, because the signal had been continuously malfunctioning for several days, Ross ignored the signal, presumed Newton would do the same, and approached the signal behind Newton in a less cautious manner than he would have if the signal had been operating properly or had been malfunctioning for only a short period of time.

Assuming this inference is proven, the accident which occurred between Ross and Newton was, in my opinion, a reasonably foreseeable consequence of the Commission's alleged negligence in failing to repair the crossing signal. The fact that Ross may have been negligent in driving less cautiously when approaching the signal does not relieve the Commission of liability if Ross's negligence was a reasonably foreseeable consequence of the Commission's alleged negligence. *See Hughes v. Children's Clinic, P.A.,* 269 S.C. 389, 237 S.E. (2d) 753 (1977) (in order to establish actionable negligence, the

plaintiff is required only to prove that the defendant's negligence was at least one of the proximate causes of his injury); 65 C.J.S. *Negligence* § 110 (1966) (two or more separate and distinct acts of negligence operating concurrently may both constitute proximate causes of an injury).

Based on the facts alleged in Newton's complaint and the inferences reasonably deducible therefrom, I believe this Court cannot conclude, *as a matter of law*, that Newton's injury was not a foreseeable consequence of the Commission's alleged negligence. I would therefore affirm the Court of Appeals' conclusion that the trial court erred in granting the Commission's motion to dismiss. *Brown v. Leverette, supra.*[1]

WALLER, J., concurs.

---

[1] This is not to say Newton would have necessarily prevailed at trial. As the Court of Appeals noted in its opinion, Newton would still have had the burden of proof on the issue of proximate causation.