THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael F. Dehoney, Appellant,
 
 
 

v.

 
 
 
 S.C. Department of Corrections, Respondent.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No.  2005-UP-394
Submitted May 1, 2005  Filed June 15, 2005

AFFIRMED

 
 
 
 Michael F. Dehoney, of Bennettsville, for Appellant.
 Kelli Gregg Maddox, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Michael F. Dehoney appeals a circuit court order denying his motion for costs in regard to a civil action he initiated against the South Carolina Department of Corrections (SCDC).  We affirm.[1]
FACTS
In 1992, Dehoney was convicted of unlawful use of a vehicle and murder.  Dehoney has completed his sentence for unlawful use of a vehicle, but continues to serve a life sentence for murder. 
In October 2001, Dehoney initiated a civil action against SCDC pursuant to the South Carolina Tort Claims Act and 42 U.S.C. § 1983.  Dehoney alleged SCDC wrongfully recorded in his prison records that he was involved in an escape or escape related event.  SCDC removed the action to federal court, but the case was remanded back to state court following a finding that the action was essentially a state law claim.  
At a July 2003 hearing on the matter, Dehoney acknowledged his prison records were currently accurate with respect to his escape screen, but asked the circuit court for an order preventing SCDC from changing it.  The Department asserted it had no reason to alter Dehoneys escape report unless another escape attempt was made in the future or it later became aware of a past escape event.  The circuit court, with Dehoneys full approval, ordered his escape report be maintained in the current state for all incidents occurring before July 10, 2003.
Dehoney later filed a motion for an award of costs on the basis that, as the prevailing party, he was entitled to recoup his filing and service fees in conjunction with this action.  The circuit court denied the motion, holding Dehoney failed to establish a rule of court or statute authorizing costs against the State.  Dehoney then filed a very disrespectful motion to reconsider this ruling, which was likewise denied by the circuit court.  This appeal followed.
LAW / ANALYSIS
I. Award of Costs
Appellant argues the circuit court erred in denying his motion for costs accrued in the underlying civil action because Rule 54(d), SCRCP, entitles him to such.  We disagree.
The applicable portion of Rule 54(d), SCRCP, reads as follows:

 [C]osts shall be allowed as of course to the prevailing party unless the Court otherwise directs, but costs against the State, its officers and agencies shall be imposed only to the extent permitted by law. (emphasis added)

The plain language of the rule grants the circuit court the authority to award costs to a party, but in no way requires the court to do so.  Even if an award of costs against the SCDC is permissible in the present case,[2] it remains within the discretion of the circuit court to deny such an award.
An appellant court may affirm an order upon any ground appearing in the record on appeal.  Rule 220(C), SCACR; see also IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000).  Because several of Appellants causes of action were withdrawn and the circuit court ruling essentially amounts to nothing more than a court-ordered maintenance of the status quo, we conclude Appellant was not a true prevailing party as contemplated by Rule 54(d), SCRCP.  Accordingly, we affirm the denial of Appellants motion for award of costs.
II. Clarity of Circuit Courts Initial Order
Appellant also argues the circuit courts order of July 10, 2003, which ordered that SCDC maintain his escape record in its current state for all incidents occurring before the date of the order, is vague, ambiguous, and allows the SCDC to circumvent its intent.  This issue is not preserved for our review.
As the circuit court announced its ruling, the following exchange took place between Appellant and the circuit court:

 The Court:  And so what I will do is I will issue an order that says as to - - as of this date, July the 10th of 2003, that the [SCDC] offender management system classification review escape/attempt list shall be maintained as to incidents occurring prior to 2003 . . .
 Appellant:  Right.
 The Court:  - - Prior to July 10, 2003 - -
 Appellant:  Exactly.
 The Court:  It shall be maintained as it is currently stated - -
 Appellant:  Exactly.  

The circuit courts final order contains identical language to that requested by Appellant at the hearing.  Appellant made no objection to the agreed upon relief, nor did he file a Rule 59(e), SCRCP, motion to alter or amend this aspect of the order.  A contemporaneous objection is required to preserve an issue for appellate review.  Hawkins v. Pathology Assocs. of Greenville, P.A., 330 S.C. 92, 111, 498 S.E.2d 395, 406 (Ct. App. 1998).  Accordingly, this issue is not properly before us.  Should the SCDC attempt in the future to circumvent the intent of the circuit courts order, the proper venue for legal recourse is a rule to show cause in the circuit court, not appellate review of the initial order.
For the foregoing reasons, the circuit courts order is
AFFIRMED.
ANDERSON, STILWELL, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] See Varn v. South Caorlina Dept of Highways and Pub. Transp., 311 S.C. 349, 354, 428 S.E.2d 895, 898 (Ct. App. 1993) ([C]osts may be assessed against the State as well as any other Defendant.).