THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Floyd Quick, a/k/a Naim Salahudeen, Appellant,
v.
Wilbur C. Hunsucker, Respondent.
 
 
 

Appeal From Marlboro County
 James C. Williams, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-498
Submitted August 1, 2005  Filed August 22, 2005  

AFFIRMED

 
 
 
Floyd Quick, of Bennettsville, pro se Appellant.
Harry Easterling, of Bennettsville, for Respondent.
 
 
 

PER CURIAM:  Floyd Quick appeals the trial courts denial of his request to amend his complaint in a property dispute over an undefined easement.  Quick also claims the trial court erred in granting Wilbur Hunsucker summary judgment.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Issue I:  Rule 15, SCRCP; Crowley v. Spivey, 285 S.C. 397, 329 S.E.2d 774 (Ct. App. 1985) (upholding the trial courts ruling on a motion to amend absent an abuse of discretion and noting evidence of circumstances such as inexcusable delay, surprise to the adverse party, or the like will justify the denial of a motion to amend).  Issue II:  Morrow v. Dyches, 328 S.C. 522, 529, 492 S.E.2d 420, 424 (Ct. App. 1997) (holding the elements required to prove an easement by necessity are unity of title, severance of title, and necessity); Dyer v. Moss, 284 S.C. 208, 325 S.E.2d 69 (Ct. App. 1985) (stating when a plaintiff is faced with a defendants motion for summary judgment that is supported by evidence, the plaintiff cannot defeat the motion by relying upon the mere allegations of his complaint, but must disclose the facts he intends to rely on by affidavit or other proof.).    
AFFIRMED.[1]
GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.