## 19276

DIVISION OF GENERAL SERVICES, Appellant, v. C. E. ULMER,
Chairman et al., Respondent-Cross Appellant

(183 S. E. (2d) 315)

*Messrs. Wesley M. Walker* and *Albert Q. Taylor, Jr., Leatherwood, Walker, Todd & Mann,* of Greenville, and *Daniel R. McLeod, Atty. Gen.* and *Everett N. Brandon, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

*T. Reeve Sams, Esq., Levin & Sams,* of Beaufort, *for Respondent-Cross Appellant,*

*Messrs. Wesley M. Walker* and *Albert Q. Taylor, Jr., Leatherwood, Walker, Todd & Mann,* of Greenville, and *Daniel R. McLeod, Atty. Gen., Everett N. Brandon, Asst. Atty. Gen.,* of Columbia, *for Appellant-Cross Respondent,*

526

*Messrs. Levin & Sams,* of Beaufort, *for Respondent-Cross Appellant,*

August 24, 1971.

LITTLEJOHN, Justice.

This appeal is from the decree of the lower court in a declaratory judgment action involving the proper measure of damages to be applied in the collection of benefits growing out of a fire insurance policy. Both parties have appealed.

The issues were tried before Circuit Judge William L. Rhodes, Jr. on testimony and upon stipulations. Relevant portions of the stipulations are as follows:

"The plaintiff, Division of General Services, is a division of the South Carolina State Budget and Control Board. On or about July 1, 1964, the plaintiff entered into a contract of insurance designated as Number 8067 whereby it undertook to insure [defendant] the Beaufort County Board of Education against certain casualty losses including losses by fire which might be sustained by various school buildings over which the Beaufort County Board of Education exercised supervision and control * * *

"The policy in question was issued for the term commencing July 1, 1964, and ending July 1, 1965. The property which was insured under the policy was itemized in a schedule attached to the policy which schedule showed * * * the value of the building, the amount of insurance coverage on the building * * *

"On April 21, 1965, Robert Smalls Junior High School was damaged by fire. The value of Robert Smalls Junior High School was stated in the insurance policy issued by the plaintiff to be three hundred and sixty thousand dollars and the amount of insurance coverage on such building was stated to be two hundred and fifty thousand dollars * * *

"As a result of differences of opinion between the parties as to the extent of the loss, appraisers were appointed pursuant to the provisions of the insurance policy. The three appraisers met on October 7, 1965, and subsequently on or about October 15, 1965, submitted appraisal reports.

"The Robert Smalls Junior High School building was located in the City of Beaufort, South Carolina. The ordinances of the City of Beaufort adopt by reference as a building code the Southern Standard Building Code.

"It is further agreed that the value of the building known as Robert Smalls Junior High School immediately preceding the fire loss which occurred was two hundred and thirty three thousand eight hundred dollars; that the value of the portion of the building which remained standing or the value of the salvage was eighty five thousand dollars immediately after the fire; that the actual cost of repairs to the fire damage in order to restore the building to its original condition was or is, one hundred and forty eight thousand eight hundred dollars.

"It is agreed that there was received a guaranteed estimate for repairing and rebuilding the Robert Smalls Junior High School for a cost not to exceed one hundred and thirty five thousand three hundred and seven dollars * * *" [The cost of repair of $148,800 is reached by adding engineering fees to this amount.]

In addition to the stipulations there was submitted to the judge oral testimony and exhibits relating to the nature and extent of the damage. The judge also considered whether interest should be allowed. Testimony submitted relating to cost of repair and relating to the stipulated sound value

of the building immediately prior to the loss was excluded as being irrelevant under the view the judge took of the law and the facts.

The positions of the plaintiff and of the defendant as taken from the agreed statement of facts are as follows:

"The plaintiff maintains that the amount of insurance payable to the defendant cannot exceed the amount necessary to restore the building to its condition prior to the loss, which is the measure to be applied under the terms and conditions of the contract of insurance. Plaintiff further maintains that the amount can not exceed the costs to repair under Section 1-431 through 1-452, Code of Laws of South Carolina, 1962.

"The defendant, however, maintains that the contract of insurance issued by the State Budget and Control Board incorporated therein the valued policy statute, Section 37-154, Code of Laws of South Carolina, 1962, and that the loss was total, which required the payment of the full amount of insurance. The defendant further maintained that even if the loss was a partial loss, the proper measure of damages was to subtract the value of the salvage from the value of the building as stated in the policy.

"The plaintiff maintained that the loss was partial and that even if the valued policy statute applied, under the statute as amended, the maximum amount of insurance to be paid would equal the amount of the actual loss.

"The defendant agrees that the amount to be paid is the actual loss but that the actual loss is not limited to the costs of repairs and further contends that whether the loss was total or partial, the method of determination remains the same under the statute and the legislature by its amendment merely confirmed the existing law."

The lower court found that the loss was partial and that the salvage value of the building was $85,000. The judge concluded that the valued policy statute, Section 37-154 of the Code, applied. The amount of the loss was established

at \$275,000 by deducting the determined salvage value of \$85,000 from the value stated in the policy of \$360,000. Since the amount of loss exceeded the amount of insurance, recovery was reduced to the full amount of insurance, or \$250,000. Interest was not allowed.

Plaintiff has appealed, alleging error on the part of the judge, (1) in applying the valued policy statute, Section 37-154; (2) in computing the amount to be recovered for a partial loss; (3) in ruling that Act No. 232 of the Acts of 1947 of the legislature did not change the applicable law of the valued policy statute; and (4) in excluding certain testimony.

Defendant has appealed, alleging error on the part of the judge in (1) ruling the loss to be partial rather than total, and (2) in denying interest to the defendant.

An initial determination of whether the loss was partial or total will expedite our treatment of the other issues. Defendant contends that the lower court erred in holding that the loss was partial. We think the exception is without merit. From the order of the lower court we quote the following:

"However, the testimony given by Mr. McElveen, who was the Defendants' witness, and by Mr. McKellar, who was the Plaintiff's witness, that it would have been possible from a practical standpoint as well as economically feasible to reconstruct the building utilizing the remains thereof as the basis for such reconstruction, and that this could have been accomplished even though it would be necessary to have the reconstructed building comply with the Southern Standard Building Code, causes me to reach the conclusion that the loss here is a partial loss."

We have reviewed the entire evidence and conclude that the finding of the lower court is well supported by the evidence. In fact, portions of the damaged building were actually used in reconstruction.

Plaintiff alleges error on the part of the lower court in applying to the facts in this case the valued policy statute,

now codified as Section 37-154. We will treat this question along with the question alleging error in computation of the amount to be recovered, and the question alleging error in declaring the effect of the 1947 amendment.

A valued policy statute was first adopted as a part of the law in this state in 1896. This statute required the parties to a fire insurance contract to agree upon the value of the property to be insured and required that such value be stated in the policy. The purpose of this legislation was to eliminate controversy after the loss occurred. Prior to 1947 the statute read as follows:

"No fire insurance company or individuals writing fire insurance policies, doing business in the State, shall issue policies for more than the value to be stated in the policy, the amount of the value of the property to be insured, and the amount of insurance to be fixed by insurer and insured at or before the time of issuing said policies, and in case of total loss by fire, the insured shall be entitled to recover the full amount of insurance *and a proportionate amount in case of partial loss.*" (Emphasis added.)

The amendment of 1947 changed it to read thusly:

"No company writing fire insurance policies, doing business in this State, shall issue a policy for more than the value stated in the policy or the value of the property to be insured, the amount of insurance to be fixed by the insurer and insured at or before the time of issuing the policy. In case of total loss by fire the insured shall be entitled to recover the full amount of insurance, *and in case of a partial loss the insured shall be entitled to recover the actual amount of the loss,* but in no event more than the amount of the insurance stated in the contract." (Emphasis added.)

In 1900 an act was adopted which provided that all insurance on public buildings, excluding schools, be carried with the Sinking Fund Commission (now the Division of General Services). This act was amended in 1918 to require that all insurance on public school buildings be also carried

with the same insurer. These requirements are now codified as Sections 1-431 through 1-452 of the Code.

It is the contention of the plaintiff that the valued policy statute applies to commercial insurance companies but not to policies written on public buildings by the Division of General Services. It is argued that Sections 1-431 through 1-452 include all the statutory law applicable to the insurance program established by the legislature to insure public buildings.

Based on the valued policy statute, Section 37-154, as it existed prior to 1947 this court held that the salvage rule, followed by the lower court, was applicable, in several cases referred to hereinafter. Under this rule the amount of recovery in case of a partial loss was determined by subtracting the salvage value of the damaged building from the agreed value of the building as set forth in the policy, but limited to not more than the amount of insurance bought; this is the measure of damages which the lower court applied in this case. To reach this result the judge held that the 1947 amendment did not change the salvage rule. In so holding we think he was in error.

In the absence of a controlling valued policy statute the measure of damages must be determined by the terms of the contract. Under the terms of the insuring agreement it is provided:

"Said Budget and Control Board shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to each actual cash value with proper deductions for depreciation however caused and *shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality;* said ascertainment or estimate shall be made by the insured and said Board, or, if they differ then by appraisers, as hereinafter provided; * * *" (Emphasis added.)

Having determined that there is involved in this case only a partial loss there is not before us the question of whether Section 37-154 applies to policies issued by the Division of General Services when a total loss is experienced. Insofar as a partial loss is concerned we are of the opinion that the result is the same whether it be considered as coming under the valued policy statute or coming purely under the terms of the contract. The 1947 amendment provides:

"In case of a partial loss the insured shall be entitled to recover the actual amount of the loss, but in no event more than the amount of insurance stated in the contract."

Under the terms of the contract defendant is insured "against all direct loss or damage by fire * * *" but recovery may not "exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; * * *" Either method of determining the amount to be paid, applies what is referred to as the common law rule. Such rule allows recovery in the actual amount of the loss sustained, based upon the cost to repair.

We have been asked by the plaintiff to overrule the following cases: *Parnell v. Orient Ins. Co.,* 126 S. C. 198, 119 S. E. 191 (1923) ; *Columbia Real Estate and Trust Co. v. Royal Exchange Assurance,* 132 S. C. 427, 128 S. E. 865 (1925) ; *Aiken v. Home Ins. Co.,* 137 S. C. 248, 134 S. E. 870 (1926) ; *Ford v. George Washington Fire Ins. Co.,* 139 S. C. 212, 137 S. E. 678 (1927) ; *Cleveland v. Home Ins. Co. of New York,* 150 S. C. 289, 148 S. E. 49 (1929) ; *Bruner v. Automobile Ins. Co. of Hartford, Conn.,* 165 S. C. 421, 164 S. E. 134 (1932) ; and *Fowler v. Merchants Fire Assurance Corp.,* 172 S. C. 66, 172 S. E. 781 (1934). These cases apply the salvage rule to the statute as it existed prior to 1947. We reach the result which plaintiff seeks, but we think it unnecessary to overrule the cases since we have held that the legislature has changed the law under which the cases were decided. The effect of the amendment was to abolish the salvage rule. The legislature has amended

the law so as to provide recovery for the "actual amount of the loss." Such is plain on its face and the words must be given their plain meaning. It has been stipulated that $148,800 would restore the building to its original condition. It is also stipulated that the ordinance of the City of Beaufort, wherein the property is located, has a building code with which a new construction must comply, and it is obvious that the building could not be restored to its original condition without modification because of that building code.

Plaintiff, in the statement of its brief, submits that the "actual amount of damage to the Robert Smalls School was between $148,000 and $168,000." The question of what effect, if any, the building code has on the amount of recovery is not before us. On remand, by reason of the stipulation, recovery shall be at least $148,800. The lower court shall determine what effect the building code has on the amount of recovery and if, by reason of the building code, an amount over and above $148,800 is due, the court shall determine the amount.

It is obvious from our ruling that the exception on behalf of the plaintiff to the effect that the judge improperly excluded evidence, must be sustained. Testimony relating to the cost of repair and the stipulated value of the school prior to the loss is admissible.

Finally, we must determine whether interest is recoverable upon the amount payable under the policy. Such is not allowed in this case by virtue of the doctrine of sovereign immunity. *Monarch Mills v. S. C. Tax Commission,* 149 S. C. 219, 146 S. E. 870 (1929).

It has been stipulated that $135,000 has already been paid by the plaintiff to the defendant. The case is remanded to the lower court for further proceedings consistent with the views herein expressed. That court shall determine the additional amount to be paid by the plaintiff to the defendant.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.