1235

NIGGEL ASSOCIATES, INC., Respondent v. POLO'S OF NORTH MYR-
TLE BEACH, INCORPORATED, Horry County Airport Commission,
Windy Hill Golf, Inc., and Beach Investments, a S. C. General Part-
nership, Defendants. Appeal of WINDY HILL GOLF, INC. MECHAN-
ICAL INDUSTRIAL, INC., Respondent v. POLO'S OF NORTH
MYRTLE BEACH, INCORPORATED, Horry County Airport Commis-
sion, Windy Hill Golf, Inc., and Beach Investments, a S. C. General
Partnership, Defendants. Appeal of WINDY HILL GOLF, INC.

(374 S. E. (2d) 507)

Court of Appeals

*Henrietta U. Golding* and *Preston B. Haines, III,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for appellant.*

*Joseph F. Singleton,* of *Cross, Singleton & Burroughs,* of Conway, and *Daniel T. Brailsford,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondents.*

*Robert H. Gwin, III,* of *Thompson, Henry & Gwin,* Myrtle Beach, *for defendant, Polo's of North Myrtle Beach, Inc.*

Heard Sept. 20, 1988.

Decided Oct. 31, 1988.

BELL, Judge:

These actions for restitution were commenced by two contractors who furnished labor and materials in connection with the renovation of a building. The contractors, Niggel Associates, Inc., and Mechanical Industrial, Inc., each sued Windy Hill Golf, Inc., and others, seeking to recover for work they performed under contracts with Beach Investments, a South Carolina general partnership. The separate suits were consolidated by the circuit court. The court held that Windy Hill was liable, on the principle of unjust enrichment, to pay both Contractors for the work. Windy Hill appeals. We reverse.

The facts are undisputed.

Windy Hill operates a golfing facility in North Myrtle Beach on land it holds under a long term ground lease from the Horry County Airport Commission. On a portion of the leased land stand two buildings. Beach Investments wished to develop a restaurant and lounge on this part of the property.

In furtherance of its plan to develop the property, Beach negotiated with Windy Hill to obtain possession of the premises on which the two buildings stood. The parties reached agreement on two alternatives. Under the first al-

ternative, Windy Hill granted Beach an option to purchase outright its leasehold interest in the premises. Under the second alternative, if Beach did not exercise the option to purchase, Windy Hill agreed to give Beach a long term sublease on the premises. The option contract gave Beach a right to enter the premises before the option was exercised for the sole purpose of commencing renovations on one of the buildings.

The option to purchase expired on June 1, 1985. During the option period, Beach hired the Contractors to install tile (Niggel) and a heating and cooling system (Mechanical) in the building. They commenced work in May and finished in mid June. Neither had any dealings with Windy Hill concerning the construction.

Beach did not exercise the option to purchase the leasehold. Instead, with the consent of the Airport Commission, it signed a long term sublease with Windy Hill on June 3, 1985.

In September, because Beach had not paid them for their work, the Contractors file mechanic's liens on the subleased property. The filing of these liens constituted an event of default under the sublease. When Beach failed to cure the default, Windy Hill terminated the sublease.

On December 4, 1985, the Contractors commenced this action to foreclose their mechanic's liens. Thereafter, they amended their pleadings to add a common law claim for restitution. The circuit court denied recovery under the mechanic's lien statute, but granted judgment for restitution. Only the claim for restitution is before us.

To recover on a theory of restitution, the plaintiff must show: (1) that he conferred a nongratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff its value. *Ellis v. Smith Grading and Paving, Inc.*, 294 S. C. 470, 366 S. E. (2d) 12 (Ct. App. 1988). Whether restitution should be required is a question to be decided on the facts of each case.

For restitution to be warranted, the plaintiff must confer the benefit nongratuitously: that is, it must either be (1) at the defendant's request or (2) in

circumstances where the plaintiff reasonably relies on the defendant to pay for the benefit and the defendant understands or ought to understand that the plaintiff expects compensation and looks to him for payment. It is not enough that the defendant has knowledge of the plaintiff's conduct; he must have induced the plaintiff to confer the benefit.

In this case, the Contractors did the work under contracts with Beach. They expected to be paid by Beach.

They had no dealings whatever with Windy Hill. Indeed, they did not know Windy Hill had an interest in the property when they agreed to perform the work. Windy Hill did not request the work. It did nothing to cause the Contractors to rely on it for payment. It had no reason to suppose the Contractors looked to it for payment. The Contractors were not induced to furnish their labor and materials by any expectation that Windy Hill would pay for them. In these circumstances, Windy Hill had no duty to make restitution to the Contractors.[1] Any benefit it received was an incidental result of dealings between others in which it did not participate and over which it assumed no control.

Additionally, the Contractors failed to prove the value of any benefit Windy Hill may have received from their work. In a case involving improvements to realty, the measure of recovery in restitution is the difference in the fair market value of the property before and after the improvements. *Barrett v. Miller*, 283 S. C. 262, 321 S. E. (2d) 198 (Ct. App. 1984). The Contractors introduced no evidence to show their work increased the value of Windy Hill's leasehold interest. They neglected to prove the value of the leasehold before and after the work. Accordingly, there was no proof that the defendant realized value from the benefit conferred.

---

[1] A great majority of courts hold there is no right to restitution on facts similar to this case. *See* 2 Palmer, *Law of Restitution*, Sec. 10.7(b) (1978 & 1984 Supp.) and cases there cited.

Because Niggel and Mechanical Industrial failed to prove essential elements of their case, the circuit court erred in granting restitution. Accordingly, we reverse the judgment.

Reversed.

SHAW and Cureton, JJ., concur.