707 S.E.2d 399

**ELLISDON CONSTRUCTION, INC., Appellant,**

v.

**CLEMSON UNIVERSITY, South Carolina Procurement Review Panel and Chief Procurement Officer, Respondents.**

**No. 26929.**

Supreme Court of South Carolina.

Heard Sept. 23, 2010.

Decided Feb. 14, 2011.

N. Ward Lambert and R. Patrick Smith, both of Harper, Lambert & Brown, of Greenville, for Appellant.

Christian M. Emanuel, of Columbia; James W. Logan, Jr. and Stacey Todd Coffee, both of Logan, Jolly & Smith, of Anderson; Keith C. McCook, Frank S. Potts, and Edwin E. Evans, all of Columbia, for Respondents.

Chief Justice TOAL.

In this case, EllisDon Construction (Appellant) appeals the decision of the circuit court that held Appellant was not entitled to interest under section 34–31–20 of the South Carolina Code (1987 & Supp.2008). We affirm.

## FACTS/PROCEDURAL BACKGROUND

Appellant, a general contractor, had contracted with Clemson University (Clemson) to construct a new science complex on Clemson's campus. The contract stated that Clemson would pay interest to Appellant in accordance with the Prompt Payment Act found at section 29–6–50 of the South Carolina Code (2007). This section reads, in pertinent part:

If a periodic or final payment to a contractor is delayed by more than twenty-one days ... the owner, contractor, or subcontractor shall pay his contractor or subcontractor inter-

est, beginning on the due date, at the rate of one percent a month or a pro rata fraction thereof on the unpaid balance as may be due. However, no interest is due unless the person being charged interest has been notified of the provisions of this section at the time request for payment is made.

Clemson withheld a portion of the payment for the project, claiming Appellant had materially failed to perform its contractual obligations. After failed mediation attempts, the Chief Procurement Officer found that Appellant failed to meet the requirement for receiving an award of interest under section 29–6–50 because it failed to provide Clemson notice of the statute when it requested payment. The Procurement Review Panel (Panel) reasoned that although Appellant failed to meet the notice requirement of section 29–6–50, it would be inequitable to hold that EllisDon could not collect prejudgment interest. Thus, the Panel held Appellant was entitled to interest under the general interest statute found at section 34–31–20(A) of the South Carolina Code.[1] The circuit court reversed the Panel, finding that Appellant had not met the requirements of section 29–6–50, and that section 34–31–20(A) only applies in the absence of a contractually agreed upon interest provision. Appellant appealed to the court of appeals, and this Court certified the case pursuant to Rule 204(b), SCACR.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act governs the judicial review of a decision of an administrative agency. S.C.Code Ann. § 1–23–380 (Supp.2008). An appellate court may reverse the decision of an administrative agency if it is affected by an error of law. *Id.* § 1–23–380(5).

## ANALYSIS

■ Appellant argues that the circuit court erred in holding South Carolina's general interest statute was not applicable to the contract in question. We disagree.

---

1. "In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum."

The circuit court found section 29–6–50, incorporated into the contract in this case, is properly applicable to the contract. The circuit court also found that Appellant failed to satisfy the notice requirements under that statute, and therefore is not entitled to interest under section 29–6–50. Appellant does not challenge that finding on appeal; therefore, the only question is whether section 34–31–20(A), the general interest statute, also applies in this case. Appellant argues the general interest statute applies to all cases where any sum of money is due and owing, and that this statute is not superseded by section 29–6–50. The circuit court, however, relying on *Sears v. Fowler*, 293 S.C. 43, 358 S.E.2d 574 (1987), found the general interest statute only applies when an interest rate has not been agreed to in the contract. In *Sears v. Fowler*, this Court stated that the general interest statute does not apply when the parties have contracted for a different interest rate. 293 S.C. at 45, 358 S.E.2d at 575 (citing *Turner Coleman, Inc. v. Ohio Const. & Eng'g, Inc.*, 272 S.C. 289, 251 S.E.2d 738 (1979)). Appellant, however, argues that reliance upon *Turner Coleman* is misplaced because in that case the contract noted a particular interest rate, and in this case the contract incorporated a statute that determines the interest rate. That is a distinction without a difference, and *Sears v. Fowler* and *Turner Coleman* are controlling in the instant case. Therefore, Appellant is not entitled to interest under section 34–31–20(A) because it contracted for a different rate of interest.

█ Further, the circuit court correctly found that the Panel improperly awarded Appellant interest under the general interest statute because the Panel felt it would be inequitable to do otherwise. As the circuit court explains, equity is only available when a party is without an adequate remedy at law. *See Key Corp. Capital, Inc. v. County of Beaufort*, 373 S.C. 55, 61, 644 S.E.2d 675, 678 (2007) ("While equitable relief is generally available where there is no adequate remedy at law, an adequate legal remedy may be provided by statute."). In this case, Appellant had a legal remedy for collecting interest—it needed only to meet the requirements of section 29–6–50 to be entitled to interest. A party failing to fulfill the requirements of its legal remedy cannot later come to the courts complaining of hardship, seeking an equitable remedy.

## CONCLUSION

Because the contract specified an interest amount, section 34–31–20(A) does not apply. Therefore, the circuit court did not err in reversing the judgment of the Panel, and the judgment of the circuit court is affirmed.

BEATTY, KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., concurring in a separate opinion.

Justice PLEICONES.

I concur in the majority's decision to affirm the circuit court's order, but write separately as I reach this result by a different route.

While it is certainly accurate to say that parties may contract for a different interest rate than that provided by the prejudgment interest statute,[2] S.C.Code Ann. § 34–31–20 (Supp.2009), I do not find that rule applicable here. The parties' contract provides, in subparagraph 9.7.2, that Clemson "shall pay interest on delayed certified payments to [appellant] in accordance with Section 29–6–50 of the SC Code of Laws." While this provision expressly incorporates the Prompt Payment Act into the contract, it does not alter a statutorily-set interest rate. Moreover, neither the Act nor subparagraph 9.7.2 are applicable to this contract dispute, which does not involve certified periodic or final payments, but rather arises from appellant's successful claim that Clemson wrongfully withheld monies due under the contract.

I find, however, that appellant is barred from recovering prejudgment interest by the doctrine of sovereign immunity. It is well-settled that the doctrine bars recovery of interest against the State "unless [the State has been] bound by an act of the Legislature or by a lawful contract of its executive officers...." *Monarch Mills v. S.C. Tax Comm'n,* 149 S.C. 219, 146 S.E. 870 (1929); *see also e.g. Div. of Gen. Serv. v. Ulmer,* 256 S.C. 523, 183 S.E.2d 315 (1971).

In 1985, this Court prospectively abrogated the doctrine of sovereign immunity insofar as that doctrine had insulated

---

**2.** *Turner Coleman, Inc. v. Ohio Const. & Eng'g Inc.,* 272 S.C. 289, 251 S.E.2d 738 (1979).

state and local governments from tort liability. *McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985). *McCall* included Appendix A, a list of 122 cases, and provided that these cases were "overruled to the extent that they hold that an action may not be maintained against the State without its consent." Although *Monarch Mills* and *Ulmer* are on that list, their holdings that the State is not liable for prejudgment interest except when bound by statute or by contract remain unaffected as the right to this interest is not a matter of tort liability.[3] Since § 34–31–20 does not allow for recovery of interest against the State, and because the parties' contract is silent as to this type of interest, I find that appellant's request for prejudgment interest is barred by the doctrine of sovereign immunity. *Ulmer, supra; Monarch Mills, supra.* For this reason, I concur in the result reached by the majority.

3. This is an appeal from an administrative proceeding involving a contract dispute. Whether a party to a tort action against the State could recover prejudgment interest under § 34–31–20 is a question best left for another day. *Compare Varn v. S.C. Dep't of Highways and Pub. Transp.*, 311 S.C. 349, 428 S.E.2d 895 (Ct.App.1993) (costs available against State in tort action even though Tort Claims Act does not specifically provide for award since Act provides State agencies are liable in tort in same manner and to same extent as private individual).