720 S.E.2d 485

**JASDIP PROPERTIES SC, LLC, Appellant,**

v.

**ESTATE OF Stewart RICHARDSON, Respondent.**

No. 4878.

Court of Appeals of South Carolina.

Heard Oct. 6, 2010.

Decided Aug. 24, 2011.

634

W. Andrew Gowder, Jr., and Daniel S. McQueeney, Jr., both of Charleston, for Appellant.

Toni Lee Tack Pennington, of Pawleys Island, for Respondent.

KONDUROS, J.

This case arises from a contract for the sale of commercial property. Stewart Richardson[1] (Seller) rescinded the contract after JASDIP Properties SC, LLC (Buyer) was unable to close in a timely fashion. A jury determined neither party breached the contract and awarded no damages on that basis. Buyer appeals the trial court's subsequent denial of its unjust enrichment claim, which permitted Seller to retain $215,000 in earnest money and extension fees. We reverse and remand.

## FACTS

On May 5, 2006, Buyer and Seller entered into a Commercial Purchase Agreement and Deposit Receipt (the Agreement) for the purchase of certain property (the Property) in Georgetown, South Carolina. At the time of the execution of the Agreement, Seller was leasing the Property to a corporation he owned, which was operating the Rebar Sports Bar on the property. The purchase price for the Property was to be $537,000. Buyer paid an initial deposit of $10,000. The balance was due at the closing on or before July 28, 2006. The Agreement provided: "If the BUYER shall default under this Agreement, the SELLER shall have the option of suing

---

1. The Estate of Stewart Richardson was substituted as the appropriate party to the appeal after the parties informed this court at oral arguments of Richardson's death during the pendency of the appeal.

for damages or specific performance, including but not limited to, reasonable attorney's fees or rescinding this Agreement." Further, the Agreement stated, "In any action or proceeding involving a dispute between BUYER, SELLER, and/or Broker, arising out of the execution of the agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by a court of competent jurisdiction." The Agreement also provided the "[b]usiness [was] to remain open and operated by . . . Seller." [2]

Buyer wished to purchase the Property as part of a development plan involving adjacent properties in Georgetown. Buyer attempted to obtain approvals and permits for its plan, but due to problems obtaining them, the parties executed an addendum to the Agreement on July 7, 2006. That addendum provided: "The Closing of [the Property] will be 30 Days from the original closing date of July 28th[,] 2006. The $10,000.00 earnest money check will be released to [Seller] no later than July 11th[,] 2006. All terms and conditions of contract, including due diligence period are extended for 30 days." On October 26, 2006, the parties executed another addendum that further extended the closing date. It stated:

Closing to be on or before January 15, 2007. Buyer can close sooner if reasonable to do so. Buyer to pay an additional $25,000.00 deposit to be credited to purchase price. Further Buyer will pay a $7700.00 extension fee and will pay an additional extension fee of $2700 on December 1 and January 1 if closing has not occurred prior to those dates. Lastly on November 1, 2006[,] Buyer will pay $5000.00 fee to Prudential Source One. This amount will be credited against purchase price but deducted from commission due to Prudential Source One at closing from [S]eller[']s proceeds.

On January 23, 2007, the parties executed a third addendum. It provided, "Buyer to pay Seller $175,000.00 by Friday[,] January 16, 2007. Closing to be extended until March 26, 2007. Seller to grant Buyer an additional 30 day extension for the payment of an additionally [sic] $100,000 on or before March 26, 2007[.] All funds to be applied to purchase price."

---

2. Seller closed the business shortly before the original closing date.

On January 23, 2007, several members of the Georgetown City Council and other residents of Georgetown filed a lawsuit against Buyer seeking to stop Buyer's development plan. Buyer notified Seller of the lawsuit and informed him that it intended to move forward with the purchase, but Seller did not respond. Buyer proposed a fourth addendum, which stated the closing date would be ten days after the pending litigation had ended, but Seller did not reply.

On April 10, 2007, Seller's attorney sent a letter to Buyer's attorney, stating: "The latest extension expired on March 26, 2007. Pursuant to paragraph 32 of the contract i[n] the event of default, the Seller has the option to rescind the contract and due to the fact the Buyers have notified the Seller that they cannot close, the Seller has elected to rescind the contract." The letter further stated, "In the event that you[r] client is serious about wanting to purchase the property another contract is going to have to be negotiated." The letter also stated that Seller had placed the Property for sale and it would "be sold to the first accepted contract." Buyer asked for the return of the money paid towards the purchase price, which Seller refused. Thereafter, Buyer brought suit against Seller (1) contending Seller would be unjustly enriched if allowed to keep the money paid despite the rescission of the Agreement and (2) requesting $210,000. The $210,000 was comprised of the $10,000 earnest money and $200,000 in later payments. Buyer alternatively asserted Seller converted these funds by failing to return them after the rescission of the Agreement. Buyer later filed an amended complaint requesting $205,000, providing the Agreement only permitted Seller to retain half of the $10,000 earnest money. Seller filed an answer and counterclaim requesting dismissal of Buyer's complaint and judgment against Buyer for actual damages incurred due to Buyer's "default(s) as contracted, to include reasonable attorney's fees and costs."

Following a trial on both parties' claims for breach of contract, the jury found neither party had breached. Buyer then requested a ruling by the trial court on its action for unjust enrichment. The trial court found Buyer to be a "sophisticated buyer" and noted the Agreement provided "Buyer . . . is aware that a local ordinance is in effect which regulates the rights and obligations to property owners." The

court further determined Seller put forth significant evidence of damages: the monthly mortgage payments, the closure of his business, the fact that he had to battle the city to get his business back, and the ability to operate his business. The trial court stated "it doesn't shock [t]he Court's conscience to leave the parties where they find themselves." Accordingly, the trial court denied Buyer's claim for unjust enrichment. Buyer's appeal followed.

## LAW/ANALYSIS

### I. Unjust Enrichment

■ Buyer contends the trial court erred in denying it relief on its unjust enrichment cause of action. Buyer maintains all the evidence presented at trial as well as the jury's verdict supports that the Agreement was rescinded or abandoned. Accordingly, this requires restitution of $215,000 to Buyer, who had partially performed under the Agreement. We agree.

■ When a complaint raises both legal and equitable issues and rights, the legal issues are determined by a jury while equitable issues are for the judge. *Floyd v. Floyd,* 306 S.C. 376, 379, 412 S.E.2d 397, 398–99 (1991). "In actions at equity, this court can find facts in accordance with its view of the preponderance of the evidence." *White's Mill Colony, Inc. v. Williams,* 363 S.C. 117, 124, 609 S.E.2d 811, 815 (Ct.App.2005).

■ A breach of contract claim and quantum meruit claim can be alternative rather than inconsistent remedies. *Franke Assocs. by Simmons v. Russell,* 295 S.C. 327, 332, 368 S.E.2d 462, 465 (1988). In *Earthscapes Unlimited, Inc. v. Ulbrich,* 390 S.C. 609, 617, 703 S.E.2d 221, 225 (2010), the supreme court affirmed the circuit court's decision to award damages under the theory of quantum meruit even though the circuit had found there was a contract between the parties. The supreme court found, "While the circuit court did find there was a contract between the two parties in this action, it never awarded damages because of a breach of that contract. Rather, the circuit court chose the theory of quantum meruit as an alternate remedy." *Id.* at 617 n. 4, 703 S.E.2d at 225 n. 4.

■ "Restitution is a remedy designed to prevent unjust enrichment." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003); *see also Ellis v. Smith Grading & Paving, Inc.*, 294 S.C. 470, 473, 366 S.E.2d 12, 14 (Ct.App.1988) ("Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."). "The terms 'restitution' and 'unjust enrichment' are modern designations for the older doctrine of quasi-contracts." *Ellis*, 294 S.C. at 473, 366 S.E.2d at 14. "[Q]uantum meruit, quasi-contract, and implied by law contract are equivalent terms for an equitable remedy." *QHG of Lake City, Inc. v. McCutcheon*, 360 S.C. 196, 202, 600 S.E.2d 105, 108 (Ct.App.2004) (internal quotation marks and citations omitted).

■■ "Implied in law or quasi-contracts are not considered contracts at all, but are akin to restitution which permits recovery of that amount the defendant has been benefitted at the expense of the plaintiff in order to preclude unjust enrichment." *Costa & Sons Constr. Co. v. Long*, 306 S.C. 465, 468 n. 1, 412 S.E.2d 450, 452 n. 1 (Ct.App.1991). "Absent an express contract, recovery under quantum meruit is based on quasi-contract." *Earthscapes Unlimited, Inc.*, 390 S.C. at 616, 703 S.E.2d at 225. "This Court has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment." *Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P.*, 385 S.C. 452, 466, 684 S.E.2d 756, 764 (2009) (internal quotation marks and citations omitted).

■■ "To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." *Sauner*, 354 S.C. at 409, 581 S.E.2d at 167; *see also Earthscapes Unlimited, Inc.*, 390 S.C. at 616–17, 703 S.E.2d at 225 (providing the same requirements to recover under the doctrine of quantum meruit). "Unjust enrichment is usually a prerequisite for enforcement of the doctrine of restitution; if there is no basis for unjust enrichment, there is no basis for restitution." *Ellis*, 294 S.C. at 473, 366 S.E.2d at 14–15.

Buyer seeks the $175,000 and $25,000 payments as well as the $10,000 in earnest money and also the $5,000 that was to go towards the broker's fee. However, the Buyer raises its request for the $5,000 broker's fee for the first time on appeal. "[T]o preserve an issue for appellate review, a matter may not be raised for the first time on appeal, but must have been both raised to and ruled upon by the trial court." *Hill v. S.C. Dep't of Health & Envtl. Control,* 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010). Accordingly, its request for the broker's fee is not preserved for our review. Additionally, in its amended complaint, Buyer states that under the Agreement, Seller can only keep half of the $10,000 in earnest money and only requests a total of $205,000. An issue conceded in the trial court cannot be argued on appeal. *Ex parte McMillan,* 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995). Therefore, Buyer is bound by that concession and entitled to $5,000 of the earnest money at most.

The $175,000 and $25,000 payments both explicitly stated that they were towards the purchase price. Additionally, Buyer paid $10,000 in an earnest money[3] deposit. The unappealed finding of the jury was that neither party breached the Agreement. An unchallenged ruling, right or wrong, is the law of the case. *Ulmer v. Ulmer,* 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006). Based on the jury's finding that Buyer did not breach, we find Buyer is entitled to the money paid towards the purchase price as well as half of the earnest money under the theory of restitution.[4] Buyer met the requirements to recover under the theory of restitution: (1) Buyer paid Seller $205,000 towards the purchase price and the sale did not go through despite the fact that neither party breached; (2) Seller kept the $205,000 although he also retained the Property; and (3) Seller keeping the $205,000 is inequitable because the Seller still has the Property, the jury found neither party breached, and the evidence supports that

---

3. Earnest money is "[a] deposit paid (often in escrow) by a prospective buyer (esp[ecially] of real estate) to show a good-faith intention to complete the transaction, and ordinarily forfeited if the buyer defaults." Black's Law Dictionary 584 (9th ed.2009).

4. Seller received $8,100 in extension fees that he would keep as well as the $5,000 as half of the earnest money.

Buyer intended to go forward with the purchase. Therefore, the trial court erred in failing to find for Buyer for its claim of unjust enrichment. Accordingly, we reverse the trial court's determination that Buyer was not entitled to restitution and award Buyer $205,000.

## II. Attorney's Fees

Buyer contends if this court reverses the trial court's decision on unjust enrichment, we should remand to the trial court to award attorney's fees and costs because the Agreement permits the prevailing party to recover them. We agree.

Generally, attorney's fees are not recoverable unless authorized by contract or statute. *Baron Data Sys., Inc. v. Loter,* 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989). The award of attorney's fees under a contract is left to the discretion of the trial court and will not be disturbed unless the court abused that discretion. *Id.*

Because the trial court found in favor of Seller, it never determined whether Buyer was entitled to attorney's fees. The Agreement provided for attorney's fees to the prevailing party if a dispute arose out of the execution of the Agreement or the sale. This cause of action did arise out of the sale of the Property and therefore was contemplated by the Agreement. Because the trial court has the discretion to award attorney's fees under a contract, we remand the case to allow it to determine whether fees should be awarded as to the unjust enrichment cause of action. This would include the trial court making a determination as to whether Buyer was the prevailing party.

## CONCLUSION

We reverse the trial court's decision and award Buyer $205,000. Further, we remand the matter to the trial court to determine if attorney's fees should be awarded.

**REVERSED AND REMANDED.**

WILLIAMS, J., concurs.

PIEPER, J., dissents in a separate opinion.

PIEPER, J., dissenting.

I respectfully dissent and would affirm the trial court's denial of the request for restitution by Appellant JASDIP Properties SC, LLC (JASDIP).

I am reluctant to reverse the judgment of the trial court because JASDIP had an adequate remedy at law, which the jury rejected. Generally, equity is available when a party does not have an adequate remedy at law. *See EllisDon Constr., Inc. v. Clemson Univ.*, 391 S.C. 552, 555, 707 S.E.2d 399, 401 (2011). "A party failing to fulfill the requirements of its legal remedy cannot later come to the courts complaining of hardship, seeking an equitable remedy." *Id.* The jury's verdict may be read in a different manner other than as a finding that neither party breached the contract. For example, the jury could have based its decision on whether damages were sufficiently proven. The judge charged the jury on all elements of a breach of contract cause of action, which includes the existence of a contract, breach, and damages. *See Maro v. Lewis*, 389 S.C. 216, 222, 697 S.E.2d 684, 688 (Ct.App.2010) (noting in an action for breach of contract, the plaintiff has the burden of proving the existence of a contract, breach, and damages caused by the breach). Additionally, the verdict form contained a query instructing the jury to find for either the plaintiff or the defendant and used the terms "Breach of Contract claim," which encompasses all of the elements required to prove a cause of action for breach of contract. I find it noteworthy that the parties did not seek an additional interrogatory before the jury was excused as to whether the jury found for Respondent Stewart Richardson on JASDIP's claim based on the failure to prove breach or damages. If the jury resolved this question on the same damages component sought in equity, then JASDIP should not be entitled to an equitable remedy on its rejected legal claim. Therefore, I believe we may affirm on this basis. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

To the extent JASDIP has not argued on appeal that the inadequacy of a legal remedy justifies equitable relief, I nonetheless would affirm the trial court's decision to deny

equitable relief based upon the record herein. To recover for unjust enrichment based on restitution, "the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003). A non-gratuitous benefit is a benefit conferred either at the defendant's request or in circumstances where the plaintiff reasonably relied upon or ought to have understood that the plaintiff expected compensation and looked to the defendant for payment. *Niggel Assocs., Inc. v. Polo's of N. Myrtle Beach, Inc.*, 296 S.C. 530, 532–33, 374 S.E.2d 507, 509 (Ct.App.1988).

In denying JASDIP's request for restitution, the trial court noted the substantial evidence of damages Richardson claimed to have sustained as a result of the delay in closing on the property and that the delay was not caused by Richardson. Richardson testified about the mortgage payments he had to make as a result of JASDIP's failure to close on time. He also testified that he did not have any income as a result of closing the business to facilitate the sale of the property, and testified about his inability to reopen the business as a result of the change in zoning of the property. Richardson testified about damage that was done to his property during JASDIP's inspection, including ceilings and air conditioning ducts that had been torn out, which Richardson repaired at a cost of $42,000. Richardson incurred $15,524 in attorney's fees defending this action by JASDIP. Finally, Richardson testified regarding $320,174 in living and mortgage expenses he incurred after he closed his business and was unable to reopen the business because the property had been rezoned. Based on this testimony, JASDIP has not met its burden of showing that it would be inequitable for Richardson to retain the $215,000 JASDIP paid towards the purchase price of the property.

Since JASDIP has not met its burden of convincing this court that the trial court's equitable decision is erroneous, I would therefore affirm. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[A]n appellant is not relieved of

his burden to demonstrate error in the [trial] court's findings of fact.").