**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Harold P. Threlkeld d/b/a Harold P. Threlkeld, Attorney at Law, Plaintiff,

v.

Lyman Warehouse, LLC, Lyman Pacific, LLC, Mills Demolition, LLC, Susan C. Stanley, Peter M. Stanley and Donald J. McWhirter, Defendants,

Of whom Lyman Warehouse, LLC is the Appellant,

and Donald J. McWhirter is the Respondent.

Appellate Case No. 2013-001518

———————————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-428
Submitted April 1, 2015 – Filed August 19, 2015

———————————

**AFFIRMED**

———————————

James Calhoun Pruitt, Jr., of Pruitt & Pruitt, of Anderson, for Appellant.

Peter Demos Protopapas, of Rikard & Protopapas, LLC, of Columbia; and John Christopher Pracht, V, of Thomason & Pracht, LLP, of Anderson, for Respondent.

———————

**PER CURIAM:**  Lyman Warehouse, LLC (Lyman Warehouse), appeals the trial court's ruling that Donald J. McWhirter is entitled to $100,000 held in escrow by Lyman Warehouse's former counsel, Harold P. Threlkeld.  Lyman Warehouse argues the trial court erred in ruling (1) McWhirter has standing to assert a claim to the money, (2) Lyman Warehouse released its claim to the money, (3) Lyman Warehouse would be unjustly enriched if it received the money, and (4) the contract required Lyman Warehouse to prove damages.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether McWhirter has standing to assert a claim to the money: *Charleston Cnty. Sch. Dist. v. Charleston Cnty. Election Comm'n*, 336 S.C. 174, 181, 519 S.E.2d 567, 571 (1999) ("To have standing, one must have a personal stake in the subject matter of the lawsuit, i.e., one must be a real party in interest. A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action." (citations and internal quotation marks omitted)); Rule 22(a), SCRCP ("Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability."); *First Union Nat'l Bank of S.C. v. FCVS Commc'ns*, 321 S.C. 496, 499, 469 S.E.2d 613, 616 (Ct. App. 1996), *rev'd in part*, 328 S.C. 290, 494 S.E.2d 429 (1997) ("[T]he primary purpose of interpleader is to enable a neutral stakeholder, usually an insurance company or a bank, to shield itself from liability for paying over the stake to the wrong party. This is done by forcing all the claimants to litigate their claims in a single action brought by the stakeholder. . . . There need not be actual competing claims against the stakeholder for him to be entitled to interpleader, as long as there is the potential for multiple claims." (citations and internal quotation marks omitted)).

2.  As to whether Lyman Warehouse released its claim to the money:  *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 497, 649 S.E.2d 494, 501 (Ct. App. 2007) ("A release is a contract and contract principles of law should be used to determine what the parties intended."); *id.* ("The parties' intention must, in the first instance, be derived from the language of the contract."); *id.* at 498, 649 S.E.2d at 502 ("In ascertaining intent, the court will strive to discover the situation

of the parties, along with their purposes at the time the contract was entered."); *id.* at 499-500, 649 S.E.2d at 502 ("[A]ny ambiguity in a contract, doubt, or uncertainty as to its meaning should be resolved against the party who prepared the contract or is responsible for the verbiage." (quoting *Myrtle Beach Lumber Co. v. Willoughby*, 276 S.C. 3, 8, 274 S.E.2d 423, 426 (1981))).

3.  As to whether Lyman Warehouse would be unjustly enriched if it received the money:  *JASDIP Properties SC, LLC v. Estate of Richardson*, 395 S.C. 633, 639, 720 S.E.2d 485, 488 (Ct. App. 2011) ("In actions at equity, this court can find facts in accordance with its view of the preponderance of the evidence." (internal quotation marks omitted)); *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 616-17, 703 S.E.2d 221, 225 (2010) (holding a party asserting a claim of unjust enrichment must prove (1) it conferred a benefit upon the defendant, (2) the defendant realized the benefit, and (3) the defendant retained the benefit under conditions that make it unjust for him to do so).

4.  As to whether the contract required Lyman Warehouse to prove damages: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues if a prior issue is dispositive).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.