**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John McDaniel, Employee, Claimant, Appellant,

v.

Career Employment Professional d/b/a Snelling Staffing, Employer, and United Wisconsin Insurance Co., Carrier, Respondents.

Appellate Case No. 2017-001217

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2019-UP-140
Submitted March 1, 2019 – Filed April 17, 2019
Withdrawn, Substituted, and Refiled August 28, 2019

———————

**AFFIRMED**

———————

John McDaniel, of Charleston, pro se.

Allison Cauthen Nussbaum, R. Mark Davis, and Helen Faith Hiser, all of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

———————

**PER CURIAM:** John McDaniel—an employee at Career Employment Professional d/b/a Snelling Staffing (Snelling Staffing), a temporary staffing agency—injured his left foot while working at his work placement site, Alside

Revere.  He filed a workers' compensation claim against Snelling Staffing and United Wisconsin Insurance Company (collectively, Respondents).  McDaniel appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel) order, arguing nineteen issues.[1]  We affirm pursuant to Rule 220(b), SCACR.[2]

---

[1] (1) Did the single commissioner violate McDaniel's rights by failing to enforce his subpoenas at the remand hearing?; (2) Did the single commissioner violate McDaniel's rights by failing to accept deposition testimony and additional records at the remand hearing?; (3) Did the Appellate Panel violate McDaniel's rights by providing insufficient notice of the review hearing?; (4) Did the single commissioner violate McDaniel's rights by limiting the scope of the single commissioner remand hearing?; (5) Did the Appellate Panel violate McDaniel's rights by limiting the scope of the record on review?; (6) Did the Appellate Panel violate McDaniel's rights in finding his amended Form 30 was not properly before the panel?; (7) Did the Appellate Panel err in failing to grant McDaniel's request for extended oral argument?; (8) Did the single commissioner violate McDaniel's rights by failing to rule on his proposed findings of fact?; (9) Did the Appellate Panel violate McDaniel's rights by failing to rule on his proposed findings of fact?; (10) Did the Appellate Panel err in failing to sustain McDaniel's objection to Snelling Staffing's authorship of the panel's order?; (11) Does section 42-9-90 of the South Carolina Code (2015) statutorily mandate the Appellate Panel to apply penalties against Respondents?; (12) Does section 42-9-260 of the South Carolina Code (2015) statutorily bar the Appellate Panel from granting the credit to Respondents if penalties are due?; (13) Did the Appellate Panel err in finding that, pursuant to *Curiel v. Environmental Management Services (MS)*, 376 S.C. 23, 655 S.E.2d 482 (2007), Respondents must receive a credit for all weekly benefits paid after the date of maximum medical improvement (MMI)?; (14) Did the Appellate Panel err in excluding earning at Alside Revere by Lampkin?; (15) Does section 42-1-40 of the South Carolina Code (2015) statutorily mandate the Appellate panel to calculate weeks and parts thereof when determining the average weekly wages of McDaniel, Lampkin, and Clark?; (16) Did the Appellate Panel err in the determination of the method to be used to calculate average weekly wage?; (17) Did the Appellate Panel err in the determination of the extent of McDaniel's disability?; (18) Did the Appellate Panel err in determining McDaniel's disability under scheduled loss?; and (19) Did the Appellate Panel err in finding substantial evidence supported a finding McDaniel was at MMI as of August 13, 2012?

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

1.  As to issues one, two, four, and eight, the Appellate Panel did not err in deciding not to review any other issues arising out of the remand hearing before the single commissioner other than the specific issue the Appellate Panel ordered to be remanded.  *See Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) ("Under [the standard of review found in the Administrative Procedures Act], we can reverse or modify the [Appellate Panel's] decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *id.* (stating substantial evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached); S.C. Code. Ann. Regs. 67-707(A) (2012) (providing for the review of additional evidence by the single commissioner on remand from the Appellate Panel); S.C. Code. Ann. Regs. 67-707(C)(2) (2012) (providing the procedure for admitting additional evidence and stating that once the Appellate Panel grants the motion to admit the additional evidence, "the review hearing is stayed [and t]he case will be remanded to the [single c]ommissioner . . . ."  Further, once the single commissioner has "issue[d] his or her findings and recommendations in the form of an order to the Commission and the parties[,] . . . [u]pon the receipt of the Commissioner's order, the [WCC] will reset the case on the review hearing docket.").

2.  As to issues three, eleven, twelve, and eighteen, we find these issues not preserved for appellate review.  *See Smith v. NCCI, Inc.*, 369 S.C. 236, 256, 631 S.E.2d 268, 279 (Ct. App. 2006) ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

3.  As to issue seven, the Appellate Panel did not err by refusing to extend the time for oral arguments.  *See Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 ("Under [the standard of review found in the Administrative Procedures Act], we can reverse or modify the [Appellate Panel's] decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); S.C. Code Ann. Regs. 67-706(A) (2012) ("Each party is permitted ten minutes for oral argument. The appellant is permitted three minutes for reply."); S.C. Code Ann. Regs. 67-706(C) (2012) ("A party may request additional time for argument by attaching a motion to the Form 30. The Commission will issue an order before the case is set for argument.").

4.  As to issues five and six, the Appellate Panel did not err in finding McDaniel's Form 30 was not properly before the panel.  *See Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 ("Under [the standard of review found in the Administrative Procedures Act], we can reverse or modify the [Appellate Panel's] decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."); *compare* S.C. Code Ann. Regs. 67-701 (2012) (explaining the procedure for requesting a review hearing with Form 30), *with* S.C. Code Ann. Regs. 67-609, 67-610 (2012) (providing for the amendment of a request for a single commissioner hearing, Form 50, or Form 52).

5.  As to issues nine and ten, the Appellate Panel did not err in failing to rule on McDaniel's proposed findings of facts or by requesting Snelling Staffing prepare a proposed order.  *See Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 ("Under [the standard of review found in the Administrative Procedures Act], we can reverse or modify the [Appellate Panel's] decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.").

6.  As to issue thirteen, we find substantial evidence supports the Appellate Panel's finding that Snelling Staffing was entitled to a credit of temporary total disability payments made after McDaniel reached MMI.  *See id.* (stating substantial evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached); *Curiel*, 376 S.C. at 29, 655 S.E.2d at 485 ("[T]he date of maximum medical improvement signals the end of entitlement to temporary total [disability] benefits."); *Watson v. Xtra Mile Driver Training, Inc.*, 399 S.C. 455, 465, 732 S.E.2d 190, 195-96 (Ct. App. 2012) (holding the employer was entitled to recover any payment it made to the claimant for temporary total disability that was made to the claimant after the date the claimant reached MMI).[3]

7.  As to issue fourteen, substantial evidence supports the Appellate Panel's finding that there was no guarantee he would have continued with his assignment at Alside Revere.  *See Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 (stating substantial

[3] To the extent McDaniel argues the Appellate Panel erred in failing to find the single commissioner misunderstood *Curiel*, we find that issue was not preserved for appellate review.  *See Smith*, 369 S.C. at 256, 631 S.E.2d at 279 ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached).

8. As to issue fifteen and sixteen, substantial evidence supports the Appellate Panel's determination of his average weekly wage. *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The Appellate Panel is the ultimate fact finder in [w]orkers' [c]ompensation cases . . . ."); *Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 (stating substantial evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached); S.C. Code Ann. § 42-1-40 (2015) (finding an alternative method of calculating a claimant's average weekly wage may be employed under exceptional circumstances to "most nearly approximate the amount which the injured employee would be earning were it not for the injury"); *Sellers v. Pinedale Residential Ctr.*, 350 S.C. 183, 191, 564 S.E.2d 694, 698 (Ct. App. 2002) ("The objective of wage calculation is to arrive at a *fair approximation* of the claimant's probable future earning capacity." (emphasis added) (quoting *Bennett v. Gary Smith Builders*, 271 S.C. 94, 98, 245 S.E.2d 129, 131 (1978))).

9. As to issue seventeen, substantial evidence supports the Appellate Panel's ruling on McDaniel's disability rating. *See Hutson*, 399 S.C. at 387, 732 S.E.2d at 503 (stating substantial evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached); *Sanders v. MeadWestvaco Corp.*, 371 S.C. 284, 291, 638 S.E.2d 66, 70 (Ct. App. 2006) ("While an impairment rating may not rest on 'surmise, speculation or conjecture . . . it is not necessary that the percentage of disability or loss of use be shown with mathematical exactness.'" (alteration in original) (quoting *Roper v. Kimbrell's of Greenville, Inc.*, 231 S.C. 453, 461, 99 S.E.2d 52, 57 (1957))); *Wise v. Wise*, 394 S.C. 591, 597, 716 S.E.2d 117, 120 (Ct. App. 2011) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record.").

10. As to issue nineteen, we find this issue was not preserved for appellate review. *See JASDIP Props. SC, LLC v. Estate of Richardson*, 395 S.C. 633, 641, 720 S.E.2d 485, 489 (Ct. App. 2011) ("An issue conceded in the trial court cannot be argued on appeal."); *Smith*, 369 S.C. at 256, 631 S.E.2d at 279 ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

**AFFIRMED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**